**LESLEY v. CITY OF RULE.**

No. 2986.

Court of Civil Appeals of Texas. Eastland.

Feb. 6, 1953.

Rehearing Denied Feb. 27, 1953.

T. R. Odell, Lubbock, for appellant.
Ratliff & Ratliff, Haskell, for appellee.

LONG, Justice.

On November 26, 1923, the City Council of Rule, Texas, passed the following ordinance:

"An Ordinance

"Relative to Changing the Alley in Blk. 38

"Be It Ordained By the City Council of the City of Rule, Texas:

"That all parties owning lots in Block No. thirty-eight (38) of Rule, Texas, are desirous of changing the alley of said Block No. 38 and said City Council having been petitioned by said owners in said block thirty-eight.

"Therefore, the alley in said block running east and west from Loup Avenue to Central Avenue, be and the same is hereby closed and condemned and the same shall revert to private use of owners of the lots affected proportionately and the alley running north and south in said Block No. Thirty-eight, which starts on Sixth Street and extends north half-way of said Block, shall extend clear across and through said Block thirty-eight and is here and now declared open to public use.

"In view of the fact that this condition has brought about a public necessity, and that all property owners in said Block Thirty-eight are willing and very desirous of changing said alleys, the ordinance shall take effect immediately after its passage and publication, the rule calling for three separate readings being hereby waived and suspended.

"This 26th day of November, A. D. 1923.

"G. W. Sollock, Mayor of the City of Rule.

"Attest: David Crockett, City Secretary."

This ordinance was thereafter, on January 31, 1952, filed for record in the office of the County Clerk of Haskell County.

This suit was instituted by P. H. Lesley, the owner of the North Two-thirds of Lot 6 in Block 38, against the City of Rule for an injunction restraining the city from opening and using said alley across his property and to remove cloud from title by reason of the recording of said ordinance in the office of the County Clerk of Haskell County, Texas.

Plaintiff alleged that he bought the North Two-thirds of Lot 6, Block 38 without notice, either actual or constructive, of the alley as set out in the above ordinance. Upon a trial before the court with the aid of a jury, judgment was entered in favor of the city denying plaintiff all relief. Plaintiff has appealed.

At the time Lesley purchased the property in question, the city ordinance attempting to open the alley was not of record in the office of the County Clerk of Haskell County. He went into possession of the property and began the erection of a house thereon. There is no part of the house situated on the disputed strip of land but the foundation for the garage extends into the alley as fixed by the ordinance. After Lesley had begun the erection of his house, the City Ordinance in controversy was placed on the records in the County Clerk's office in Haskell County. Lesley made application for a loan on the property and the loan company refused to accept the title because of the presence of the City Ordinance on the records.

The court submitted five special issues to the jury. The jury answered special issues Nos. 1 and 2, but failed to agree upon special issues Nos. 3, 4 and 5. The

**314**

court based its judgment upon a finding by the jury that the owners of the property in Block 38 dedicated an alley running north and south across said block. The court concluded that the remaining issues became immaterial in view of the findings of the jury in answer to issues Nos. 1 and 2. Plaintiff requested the court to submit to the jury an issue inquiring whether plaintiff bought the North Two-thirds of Lot 6 in Block 38 for a valuable consideration without notice, either actual or constructive, of the ordinance attempting to open an alley north and south across said property. This request was refused by the court and plaintiff assigns this action as error. We have concluded that said issue was a controlling issue and should have been submitted. The map of the Original Town of Rule which is of record in the office of the County Clerk of Haskell County, shows an alley running east and west through the center of said block from Central Avenue to Loup Avenue. It also shows an alley 20 feet wide extending north and south from Sixth Street which intercepts the alley running east and west. There is no alley shown on said map extending from the alley running north and south to Fifth Street across Lot 6. If the alley which extends north and south through the block and intercepts the alley running east and west had been extended as set out in the City Ordinance, it would have taken ten feet off the west part of Lot 6 and 10 feet off the east part of Lot 7 in said block.

Dock Rose bought the North Two-thirds of Lot 6 in 1927 at which time a high board fence was located approximately on the line between Lots 6 and 7. This fence remained at that location until a short time thereafter when the sewer and gas lines were laid. When the Survey was made for these lines, the surveyor caused Rose to move his fence three feet to the east where it remained until 1951 when he sold the property to Lesley. It is undisputed that the utility lines, gas, sewer and electric, are all located on Lot No. 7. The traveled portion of the alley is on Lot No. 7. It is undisputed that no part of Lot No. 6 has ever been used as an alley.

The city contends that the Ordinance opening the alley was constructive notice to plaintiff of the existence of the alley across Lot 6. We do not agree with this contention. The Ordinance was not in Lesley's chain of title at the time he bought the property from Rose. If such ordinance had been in his chain of title it would have been constructive notice to him of the existence of the alley. Adams v. Rowles, 149 Tex. 52, 228 S.W.2d 849. The recording of said ordinance in the minutes of the City Council of the City of Rule did not place said Ordinance in the chain of title and Lesley, therefore, did not have constructive notice of said ordinance. Lesley bought the property and had a right to rely upon the map of the City of Rule which was of record in the office of the County Clerk of Haskell County and which was also in the archives of the office of the City Secretary of the City of Rule. This map did not show an alley across Lots 6 and 7 in Block 38. On the contrary, it showed that there was no alley across these lots. In the absence of some fact which would put Lesley on inquiry, he had no duty to inspect the records of the city. The ordinance in question is not such an instrument that is required to be or permitted to be recorded in the office of the County Clerk. Uvalde Company v. Tribble, Tex.Civ.App., 292 S.W. 932.

The only question in this lawsuit, in our opinion, is whether or not Lesley had notice, at the time he purchased the property, of facts putting him on inquiry, which inquiry, if pursued with reasonable diligence, would have disclosed the true location of the alley across Lots 6 and 7, which had theretofore been dedicated by the owners in 1923. The question of actual notice is one of fact for the jury. Goodwin v. Abilene State Bank, Tex.Civ.App., 294 S.W. 883; O'Ferral v. Coolidge, 149 Tex. 61, 228 S.W.2d 146; Flack v. First Nat. Bank of Dalhart, 148 Tex. 495, 226 S.W.2d 628.

At the time Lesley bought the property there was a high board fence which enclosed the disputed ten feet on the west side of the North Two-thirds of Lot 6 in Block

38. There was no utility lines on Lot 6. The traveled portion of the alley was all on Lot 7 and, notwithstanding the map of the City of Rule in his chain of title showed that there was no alley between Lot 6 and 7, yet we believe that the facts surrounding the location of the utility lines and the use of an alley between the two lots were sufficient to raise an issue of fact as to whether or not Lesley was in possession of such facts as would have put him on inquiry as to the true location of the alley on the ground. It is conclusively established that Lesley had no constructive notice of the existence of an alley on Lot 6 in Block 38. Unless he had actual notice of the existence of such easement, he took the land free of the burden thereof. Pokorny v. Yudin, Tex.Civ.App., 188 S.W.2d 185.

The judgment of the trial court is reversed and the cause is remanded.