CAMBRIDGE SHORES HOMEOWNERS ASSOCIATION, Inc., et al., Appellants,

v.

SPRING VALLEY LODGE COMPANY and Dorothy Maxine Schleusner, Appellees.

No. 16986.

Court of Civil Appeals of Texas.

Dallas.

Nov. 24, 1967.

Rehearing Denied Dec. 15, 1967.

Charles E. Hughes, of Hughes & Jarvis, Sherman, for appellants.

Jack G. Kennedy, of Brown, Kennedy & Hill, Sherman, for appellees.

DIXON, Chief Justice.

This suit was filed by appellants Cambridge Shores Homeowners Association, a nonprofit corporation, and nine individual property owners against appellees Spring Valley Lodge Company, a corporation, and Mrs. Dorothy Maxine Schleusner, a widow. Appellants seek to enjoin appellees from operating a commercial enterprise on Tract A of Cambridge Shores Addition in Grayson County, Texas, which operation they allege is in violation of deed restrictions applicable to the whole addition. It is the contention of appellants that each of the lots in the addition is restricted to a one-family dwelling house and garage and that use for commercial or manufacturing purposes is forbidden.

Following a nonjury trial judgment was rendered denying appellants the relief they sought.

The original owner and developer of Cambridge Shores Addition was Texoma Lakeside Village, Inc. The addition consists of 50.237 acres of land, of which 43.237 acres have been subdivided into 276 small lots, most of them measuring 50 feet by 100 feet, though a few of them vary slightly from said dimensions. More than one-half of the total number of lots have been sold, the consideration varying from about $300 to $695 per lot. On a number of lots the owners have built cabins.

Most of the property owners live in Dallas, Richardson, Sherman, Denison, or other towns and use their property in Cambridge Shores Addition for weekend

recreation purposes. However, one owner says that he and his wife have established their permanent residence on their two lots on which they have built a cabin.

Tract A, the subject of this controversy, consisting of seven acres, has never been subdivided into lots and blocks. It lies in the northwestern segment of the addition next to U. S. Government land which separates the tract from Lake Texoma.

On May 3, 1966 Mrs. Schleusner, for a cash consideration of $5,000 paid in full, purchased all of Tract A and accepted a warranty deed which contained no deed restrictions. The deed was made out on a printed form which had originally listed a number of restrictions. But Mrs. Schleusner had been assured that there were no restrictions against the property, so by request of Mrs. Schleusner the printed restrictions were obliterated by typewriter before the deed was executed and delivered by Texoma Lakeside Village, Inc., to Mrs. Schleusner.

Soon after acquiring title to tract A Mrs. Schleusner started construction of improvements on the property. She has constructed a large building at a cost of about $75,000 of her own money, said building to be used as a private club in which a paid membership is required. Other improvements have run the total expenditures up to about $95,000.

Meantime Mrs. Schleusner caused a corporation to be organized to acquire title to the property and to operate the club. She then deeded Tract A to the corporation, Spring Valley, Inc., the present owner and one of the parties to this suit.

We shall first consider appellants' fifth, sixth, seventh and eighth points, which allege in substance that the restrictive covenants are in appellees' chain of title to Tract A and that Mrs. Schleusner knew when she bought Tract A that it was burdened with restrictions.

The restrictions are not shown anywhere in appellees' chain of title. The plat of Cambridge Shores Addition filed for record with the County Clerk of Grayson County shows no restrictions. The deed from the original developer, Texoma Lakeside Village, Inc., to Mrs. Schleusner contains no restrictions. The deed from Mrs. Schleusner to Spring Valley, Inc., contains no restrictions.

Appellants' contention is based mainly on the fact that in 1962 one Johnny Moore had signed a contract to purchase Tract A, which contract Moore later released. It is not in appellees' chain of title. It was never filed for record. Therefore it could not constitute constructive notice of any deed restrictions it may have included in its terms. Lesley v. City of Rule, 255 S.W.2d 312 (Tex.Civ.App., Eastland 1953, writ ref'd n.r.e); see also Fleming v. Adams et al., 392 S.W.2d 491 (Tex.Civ.App., Houston 1965, writ ref'd n.r.e.).

According to Mrs. Schleusner, and her testimony is not contradicted, the first time she ever saw Moore was at the office of Texoma Lakeside Village, Inc. on the very day she paid cash for Tract A and received her unrestricted deed. Being informed that he held a contract to purchase the property she paid him the amount of the monthly payments he had made, then paid the full balance of the purchase price to Texoma Lakeside Village, Inc. Moore executed what he called a "release" of his contract. But even then he did not produce the contract. He testified at the trial he had looked everywhere for it but couldn't find it. Mrs. Schleusner testified that she never saw the contract and had no knowledge of its contents.

Appellants also contend that Mrs. Schleusner knew of the deed restrictions because they were originally set out in the printed form of a warranty deed which was used to convey the property to her and were deleted at her request. But it is undisputed that she had been told that the

property was unrestricted. It is also undisputed that both George DeArmond, President of Texoma Lakeside Village, Inc. and Polly Jane Burks, Vice-President, authorized the deletion. DeArmond testified at the trial and corroborated Mrs. Schleusner's testimony.

In any event any fact issue that the circumstances may have raised in regard to actual notice, was resolved by the court's judgment in favor of Mrs. Schleusner; and the court's implied finding is binding on this court. Construction and General Labor Union, Local No. 688 et al. v. Stephenson, 148 Tex. 434, 225 S.W.2d 958 (1950); Lesley v. City of Rule, 255 S.W.2d 312 (Tex.Civ.App., Eastland 1953, writ ref'd n.r.e.); 4 Tex.Jur.2d 336, 341.

Appellants' fifth, sixth, seventh and eighth points are overruled.

In their first, second, third and fourth points appellants assert that the evidence proves that there was a general scheme to develop Cambridge Shores Addition as a restricted residential area (except two lots), which scheme included Tract A.

There is evidence that the restrictive covenants were on the printed form of contract used by the developer and the printed form of general warranty deed used when a purchaser had completed his monthly payments and was entitled to a deed. But the mere fact that the deeds executed by Texoma Lakeside Village, Inc. contained identical restrictions is not sufficient of itself alone to establish the existence of a general scheme. Pierson v. Canfield, 272 S.W. 231, 233 (Tex.Civ.App., Dallas 1925, no writ). Such fact construed in the light of the surrounding circumstances may or may not be sufficient to support a finding of a general scheme. Green v. Gerner, 289 S.W. 999 (Tex. Comm'n App.1927, jdgmt. adopted); Curlee v. Walker et al., 112 Tex. 40, 244 S.W 497 (1922).

There is also testimony that a salesman, who was instrumental in obtaining most of the contracts, represented that the lots would be restricted to residential use. But George Murphy, the salesman above referred to, testified that his representations referred only to the portion of the addition which had been subdivided into lots and blocks, not to Tract A, the seven-acre tract which had never been subdivided.

Also George DeArmond, President of Texoma Lakeside Village, Inc., and a prime mover in the development of the addition, testified that it was never his intention for Tract A to be burdened with restrictions. He testified that it was not feasible or economically possible to divide the tract into lots and to sell them for residential purposes. The tract was a heavily wooded swamp area with creeks running through it. It is irregular in shape. It could not have been developed profitably into residential lots and blocks. He was present when Mrs. Schleusner paid cash and accepted a deed with the printed restrictive covenants obliterated by typewriter. Johnny Moore, who had contracted to purchase the tract, at one time had fallen behind on his contractual payments.

The evidence shows that Tract A is separated from the subdivided portion of the addition by a hill. The building erected by Mrs. Schleusner is not visible from the lots and blocks of the subdivided portion. Mrs. Schleusner at her own expense has constructed a road which serves Tract A so that access to the tract is available without traversing any part of the streets in the subdivided portion. Mrs. Schleusner testified that she was not told of any general scheme of restrictions to which her property was subject.

Appellants accuse Mrs. Schleusner of concealment of her plans to erect a club building. After she had started construction of the large building several of appellants called on her and demanded to know for what purpose she was going to use the property. She refused to tell them, her

position being that she had paid cash for an unrestricted tract of seven acres and it was none of their business what she planned to do with it.

■■ Our Supreme Court has held that restrictions on the use of property are not favored. Even when they appear in instruments involving realty, any ambiguity or doubt is to be resolved in the free use of the land. Baker et al. v. Henderson, 137 Tex. 266, 153 S.W.2d 465 (1941). See also Stewart v. Valenta, 361 S.W.2d 910, 913 (Tex.Civ.App., Eastland 1962, writ ref'd n.r.e.). We think that the evidence so far as appellants are concerned at best raised a fact question as to whether there was a general scheme applying to the whole addition, including Tract A, restricting the use of property. By its judgment the trial court obviously decided the question adversely to appellants. Their first, second, third and fourth points are overruled.

In their fifth and sixth counterpoints in reply to appellants' eighth point appellees invoke the doctrine of the balancing of the equities. The counterpoints are well taken.

■ The large building erected by appellees at a cost of $75,000 was half completed before this suit was filed. Appellants blame the negligence of their attorney (not their present attorney) for the delay in filing suit. Be that as it may, it was not appellees' fault that their improvements had progressed so far before appellants filed suit.

Moreover, there is ample evidence that appellants will be harmed very little if at all by the operation of the "country club" on Tract A. The club is not visible from the subdivided part of the addition. The sound of club activities does not reach the owners of the lots. There is testimony even from appellants that the lodge is a beautiful building. There is testimony that its operation will enhance the value of appellants' property. Some of the lot owners are members of the club. There are already two clubs, or commercial enterprises in

operation not far distant from the addition. It is not necessary for club members and their guests to traverse the streets of the subdivided section of the addition, for Mrs. Schleusner has built a road which gives access to Tract A.

On the other hand the loss to appellees will be in the neighborhood of $95,000 if their operation is enjoined as desired by appellants. Mrs. Schleusner testified that she had invested $75,000 of her own money, all she had, in the enterprise. She plans to build a swimming pool, but has not been able to do so because the loan companies will not lend her money as long as this suit is pending.

In view of the great harm to be done to appellees if the injunction were to be granted, and the small harm, if any done to appellants by the court's refusal to enjoin appellees, we think the balance of the equities lies with appellees. The court properly denied the injunction. Davis v. Carothers, 335 S.W.2d 631, 639 (Tex.Civ.App., Waco 1960, writ ref'd n.r.e.).

The judgment of the trial court is affirmed.