**URBAN RENEWAL AGENCY OF the CITY OF SAN ANTONIO, Appellant,**

v.

**BRIDGES SIGNS, INC., Donald W. Engelhardt, et al, Appellees.**

No. 04–85–00473–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 29, 1986.

Rehearing Denied Sept. 9, 1986.

Phil Hardberger, Arthur Vega, San Antonio, for appellant.

R. Laurence Macon, S. Benton Davies, Jr., San Antonio, for appellees.

Before ESQUIVEL, TIJERINA and DIAL, JJ.

## OPINION

DIAL, Justice.

Appellant, the Urban Renewal Agency of the City of San Antonio, appeals the grant of a judgment non obstante veredicto in favor of appellees, Bridges Signs, Inc., Donald W. Engelhardt, and Engel-Mart, Inc. We find the trial court erred in entering the judgment non obstante veredicto and reverse the judgment and remand the cause to the trial court for further proceedings.

Appellee Engelhardt purchased a plot of land from appellant Urban Renewal Agency. A warranty deed was issued for the property in the name of Engel-Mart, Inc., a Texas corporation. The property is part of the city's urban renewal project in an area called Vista Verde and is designated for light industrial use. The deed contained a covenant that the property be devoted only to the uses specified in the Urban Renewal Plan. The Urban Renewal Plan prohibited new billboards. A building was erected pursuant to plans approved by the Urban Renewal Agency.

Engel-Mart, Inc., entered into a lease agreement with Duke-Keller & Associates (Bridges Signs, Inc.) for a period of twelve years for the construction and maintenance of a commercial billboard. Appellees completed applications to obtain billboard permits from the City of San Antonio and the State Department of Highways and Public Transportation. Personnel at the city and state offices inspected maps provided them by the Urban Renewal Agency and determined the property was not within an area restricted by the Agency. No one contacted the Urban Renewal Agency. The maps the Urban Renewal Agency sent to the city and state offices were inaccurate in that they failed to include the property in the boundaries of the restricted area, though the property always had been designated as part of the Urban Renewal Agency Vista Verde Project. The city and state issued appellees permits to erect their billboard. Appellees built the billboard, and the Urban Renewal Agency brought this suit for injunctive relief against appellees' violation of the restrictive covenant prohibiting the erection of billboards in this area.

The jury found Bridges Signs, Inc., and Engelhardt acting on behalf of Engel-Mart, Inc., knew or should have known about the restrictions. The jury failed to find appellees were excused from the restrictions because of the conduct of the Urban Renewal Agency. The trial court disregarded the jury findings and entered judgment in favor of appellees. The Urban Renewal Agency prosecuted this appeal.

A judgment non obstante veredicto may be entered pursuant to TEX.R.CIV.P. 301 when a directed verdict would have been proper, there is no evidence upon which the jury could have made the findings relied upon, or the special issue which is supported by the evidence is immaterial. *Trenholm v. Ratcliff,* 646 S.W.2d 927, 931 (Tex.1983); *Leyva v. Pacheco,* 163 Tex. 638, 358 S.W.2d 547, 550 (1962); *Carr v. Galvan,* 650 S.W.2d 864, 867 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.). The proof offered must amount to more than a mere scintilla of the evidence and do more than raise a mere suspicion or surmise. *Rigsby v. Pitner,* 334 S.W.2d 837, 842 (Tex. Civ.App.—Houston 1960, writ ref'd n.r.e.). We must consider the evidence in the light most favorable in support of the jury findings and indulge every reasonable inference deducible from the evidence in favor of the findings. *Trenholm v. Ratcliff,* 646 S.W.2d at 931.

In order for a restrictive covenant to be enforceable against the grantee of realty, the grantee must have had notice, either

actual or constructive, of the restriction when he purchased the property. *Davis v. Huey,* 620 S.W.2d 561, 567 (Tex.1981). If the restrictons do not appear in the grantee's chain of title, he is not charged with *constructive* notice of the existence of any restrictions. *See Cambridge Shores Homeowners Assoc. v. Spring Valley Lodge Co.,* 422 S.W.2d 10, 12 (Tex.Civ.App. —Dallas 1967, no writ). However, the purchaser is charged with notice of equities or interests of third persons which are recited or revealed in a conveyance through which he claims or in another instrument to which the conveyance refers. Further, when facts are recited which are sufficient to put a prudent man on inquiry, the purchaser is charged with notice of facts which might have been determined by a proper inquiry. This is so regardless of whether the instrument is recorded or whether he has actually seen or read it. *Gulf Production Co. v. Continental Oil Co.,* 139 Tex. 183, 132 S.W.2d 553, 568 (1939).

The following special issues were submitted to the jury:

*Question No. 1:* Do you find from a preponderance of the evidence that Bridges Signs, Inc., knew or should have known about the Urban Renewal Agency's restrictions concerning billboards prior to the erection of the billboard in question?

Answer "We do" or "We do not."

We, the jury, answer: *We do.*

*Question No. 2:* Do you find from a preponderance of the evidence that Donald W. Engelhardt acting on behalf of Engel-Mart, Inc., knew or should have known about the Urban Renewal Agency's restrictions concerning billboards prior to the erection of the billboard in question?

Answer "We do" or "We do not."

We, the jury, answer: *We do.*

*Question No. 3:* Do you find from a preponderance of the evidence that the defendants, Bridges Signs, Inc., and Donald w. Engelhardt acting on behalf of Engel-Mart, Inc., are excused from the restrictions in question re billboards because of the conduct, if any, of the Urban Renewal Agency under the facts made the basis of this suit?

Answer "We do" or "We do not."

We, the jury, answer: *We do not.*

The trial court stated there was no evidence of probative force to sustain the jury findings in special issues 1, 2, and 3, and that an instructed verdict in favor of appellees would have been proper.

■ Appelleee Engelhardt admitted signing that he received a copy of the Urban Renewal Plan, but said he did not receive or read it. Appellees admitted they knew billboards are prohibited within an Urban Renewal project. There is evidence to support the jury findings in special issues number 1 and 2.

Special issue number 3 deals with an estoppel defense which the jury failed to find in favor of appellees. Appellees respond to appellant's contention that the trial court erred in disregarding special issue number 3 by claiming that the evidence proves the Urban Renewal Agency failed to provide the city and state with accurate maps. However, there is no evidence the Urban Renewal Agency had a duty to provide these agencies with maps. Juan Zaragosa, a right-of-way agent for the State Department of Highways and Public Transportation, stated that the highway department would notify an applicant if the property for which a permit is sought is located in an Urban Renewal Agency area merely as a courtesy and that they would notify the Urban Renewal Agency and maybe the City of San Antonio. Further, appellees admit receiving a letter from the State Department of Highways and Public Transportation which notified appellees the state permit had been approved, and which stated:

> On signs located within the corporate limits of the city of San Antonio, certain provision of the City Building Code, e.g., set back requirements, etc., and any Urban Renewal or Development Agency requirements, restrictive covenants or prohibitions are not covered under the State Permit.

■ The special issue has support in the evidence and is a material issue on the question of whether the city is estopped to enforce the restriction due to its actions. The trial court erred in disregarding special issue number 3.

In order to sustain the trial court's actions in entering the judgment non obstante veredicto, we must find there was no evidence appellees knew the restriction applied to them. No special issues were submitted on this point, so the Urban Renewal Agency must have shown that as a matter of law appellees had notice that the restriction applied to the deed and lease.

The deed conveying title to appellee states, "[t]he Grantee shall devote the property hereby conveyed only to the uses specified in the applicable provisions of the Urban Renewal Plan or approved modifications thereof . . . ." The "contract of sale of land for private redevelopment" states the sale was made "in furtherance of the objectives of the Urban Renewal Act" and to carry "out an urban renewal project known as the Vista Verde Project, Tex. R–109." The contract of sale further states that "the Urban Renewal Plan, dated March 23, 1971, and approved by the City Council of the City on April 15, 1971, by Ordinance No. 39420" has been filed in the San Antonio city clerk's office in Book A–3 of ordinances, at page 668, located at the City Hall. Appellees' plot plan submitted as part of their billboard permit to the state notes it is part of the Vista Verde Project Tex. R–109. Appellees never checked with the Urban Renewal Agency to see if any restrictions applied to their construction of a billboard, but relied on the city and state permit offices. The Urban Renewal Plan for the Vista Verde project clearly prohibits billboards from being located in the area.

■ The contract for sale and deed refer the grantee to restrictions contained in the Urban Renewal Plan and its modifications. The Urban Renewal Agency presented an urban renewal plan for Vista Verde. Whether appellees actually received a copy of the plan is irrelevant. They had actual notice that restrictions in the plan applied to their property and such recital of the fact of the existence of this plan is sufficient to put a reasonable person on inquiry, which inquiry would have revealed the existence of a restriction against billboards. The face of appellee's deed establishes as a matter of law that appellees knew or should have known of the existence of the plan.

Because an instructed verdict is not proper in this case, the trial court erred in entering a judgment non obstante veredicto. The judgment of the trial court is reversed, and the cause is remanded to the trial court with directions to grant a permanent injunction restraining and enjoining use of the property in violation of the Urban Renewal Plan and for such other relief as appellant has pleaded and shown itself to be entitled.