**AMERICAN PETROFINA COMPANY OF TEXAS, Appellant,**

v.

**C. B. RAY, Appellee.**

No. 3912.

Court of Civil Appeals of Texas.

Eastland.

Oct. 9, 1964.

Rehearing Denied Oct. 30, 1964.

Scarborough, Black, Tarpley & Scarborough, J. R. Black, Jr., Abilene, for appellant.

Wagstaff, Harwell, Alvis & Pope, Robert Alvis and John Alvis, Abilene, for appellee.

GRISSOM, Chief Justice.

American Petrofina Company of Texas sued C. B. Ray for $26,587.29, which it alleged was the balance due on an open account for gasoline products it sold to Ray. It also sued for the unpaid balance alleged to be due for rent on service stations, painting and repairs. Ray filed a written denial, under oath, stating that the claim for petroleum products was not just or true, in whole or in part, in strict conformity with Texas Rules of Civil Procedure 185. Ray alleged that the balance claimed was based upon excessive prices and estimates of the reasonable worth of the products and that plaintiff had agreed to give him certain deductions or discounts, as a price support, in accordance with a schedule furnished him by the plaintiff which called for deductions of at least two cents per gallon more than allowed. Ray also filed a counterclaim for $31,518.31 for price support which had not been deducted from his account. To plaintiff's other claims Ray filed a general denial.

At the close of the evidence, the plaintiff filed a motion for summary judgment. It contended that Ray had admitted the correctness of the account and that his only objection thereto was that he had a counterclaim for additional price support. The motion was overruled. The court submitted issues to the jury which, with the answers thereto, are as follows:

"SPECIAL ISSUE NO. 1

"From a preponderance of the evidence, what do you find to be the amount of balance of account due by Defendant C. B. Ray to Plaintiff, American Petrofina Company of Texas, for the period of November 1, 1961 until June, 1962, for petroleum products taking into consideration price supports based on the charges for similar products sold by major oil companies and independent branded companies to

retail stations? Answer by stating amount in dollars and cents.

"ANSWER: Zero         DOLLARS

"SPECIAL ISSUE NO. 2·

"From a preponderance of the evidence, what do you find to be the amount of balance, if any, which Defendant, C. B. Ray, owes the American Petrofina Company on his rental contract for lease on the five (5) service stations? Answer in dollars and cents, if any.

"ANSWER: $678.77         DOLLARS

"SPECIAL ISSUE NO. 3

"From a preponderance of the evidence, what do you find to be the amount, if any, which Defendant, C. B. Ray, owes American Petrofina Company on the five (5) painting agreements? Answer in dollars and cents, if any.

"ANSWER: $691.73         DOLLARS

"SPECIAL ·ISSUE NO. 4

"Do you find from a preponderance of the evidence that Ted Rogers, as Defendant's zone supervisor, was authorized by American Petrofina Company to make agreements with C. B. Ray concerning said company's price support program? Answer 'Yes' or 'No.'

"ANSWER: YES

"If you have answered the foregoing Special Issue No. 4 'Yes' and in that event only, you will answer the following Special Issue No. 5.

"SPECIAL ISSUE NO. 5

"Do you find from the preponderance of the evidence that, for the period during which C. B. Ray purchased petroleum products from American Petrofina, Ted Rogers, as zone supervisor for said company, told C. B. Ray that his company would support the lowest

posted price for petroleum products in the Abilene area? Answer 'Yes' or 'No'.

"ANSWER: YES

"Now if you have answered the foregoing Special Issue No. 5 'Yes', and in that event only, you will answer the following Special Issues Nos. 5-a, 6, 7 and 8.

"SPECIAL ISSUE NO. 5-a

"Do you find from a preponderance of the evidence that Ted Rogers furnished C. B. Ray a price support formula to be used by American Petrofina Company in making charges for petroleum products to be sold by C. B. Ray? Answer 'Yes' or 'No'.

"ANSWER: YES

"SPECIAL ISSUE NO. 6

"Do you find from a preponderance of the evidence that C. B. Ray relied on the agreement of Ted Rogers, as such zone supervisor, that his company would support the lowest posted price for petroleum products in the Abilene area, in the retail prices at which he sold such products during such periods? Answer 'Yes' or 'No'.

"ANSWER: YES

"SPECIAL ISSUE No. 7

"Do you find from a preponderance of the evidence that Ted Rogers, as such zone supervisor, knew or reasonably should have known that C. B. Ray was relying on his agreement to support the lowest posted price in the Abilene area, in setting the retail price for which he sold petroleum products? Answer 'Yes' or 'No'.

"ANSWER: YES

"SPECIAL ISSUE NO. 8

"From a preponderance of the evidence, what do you find to be the dif-

ference, if any, in the total amount of price support for petroleum products purchased during the period from August 1, 1961 until June 1962, computed on the formula based on the lowest posted price for similar products in the Abilene area, in the same quantities and on the same dates, respectively, and the total amount of price support credited C. B. Ray on the account by American Petrofina Company? Answer in dollars, if any.

"ANSWER: Zero _____ DOLLARS"

Based upon the verdict, the court rendered judgment for the plaintiff for only $1,370.50. It has appealed.

In 1961, plaintiff and defendant entered into contracts whereby Ray was to become a distributor and jobber for the plaintiff and sell its petroleum products at retail outlets. Ray leased five filling stations from the plaintiff and they made a contract for painting and repairing certain stations. In 1962, said leases were cancelled and Ray quit as plaintiff's jobber and distributor.

Appellant's first four points are in substance that the court erred (1) in refusing to direct a verdict for the plaintiff for the amounts sued for; (2) in refusing to hold that under the undisputed evidence the plaintiff was entitled to recover the amounts sued for; (3) in overruling plaintiff's motion for summary judgment and (4) its motion for judgment non obstante veredicto.

▉▉▉ Under said points, plaintiff contends it was entitled to the full amount sued for, as a matter of law, and that there were no issues of fact. Said points are overruled. Questions of fact were raised. As stated, defendant filed a written denial, under oath, stating that the account was not just or true, in whole or in part. It thereby placed upon plaintiff the burden of proving that it was entitled to recover each item of the account sued upon and the correct balance owed on the account. Plaintiff did not establish such facts as a

matter of law and the amount due, if any, after allowance of the proper price support, was for the jury. We cannot agree with plaintiff's contention that, despite the record mentioned, plaintiff was entitled as a matter of law to the amount sued for and, if any question was raised, it was only relative to the amount of additional price support to which defendant was entitled by way of cross action. The question of the amount of price support to which defendant was entitled was pertinent to the question of the correct balance due on the account. That question was inseparable from the question of the balance owed by Ray on the account.

No issues were submitted or requested by the plaintiff relative to the elements of either an open or stated account. In substance, the jury was asked what it found to be the correct balance due, taking into consideration the agreed price support based, in effect, upon plaintiff's theory of the price support agreement. In answer to that question, the jury found that the defendant owed no balance on the account. Plaintiff did not show as a matter of law that it was entitled to judgment for the amounts sued for.

Plaintiff's 5th point is that the court erred in overruling its objections to the charge. Its 7th point is that the court erred in overruling its objections to issue 1 and its request that the court instruct the jury that it could not consider defendant's claim for additional price support based upon the prices at which petroleum products were sold by independent companies. (Plaintiff contended the agreed price support was based upon local prices of two majors, two independents, or one of each. Defendant contended that it was based on the lowest price posted in the area.) Its 8th point is that the court erred in overruling its objections to issue 8, which asserted that it was a double submission of Ray's theory and, in connection with issue 1, permitted Ray to obtain a double recovery of price support.

**620**

In connection with these three points plaintiff again says that it was entitled, as a matter of law, to recover the full amounts sued for. We see nothing in the manner of submission that was probably injurious to the plaintiff. Defendant did not obtain a double recovery of price support. The price support theory of the plaintiff was that it was to be keyed to prices currently charged by two major companies, two independent companies, or a major and an independent company. Ray testified that plaintiff agreed to support the lowest posted price. His testimony was supported by that of other witnesses. Ray did maintain the lowest posted prices. There was at least two cents per gallon difference between the lowest posted price and the price upon which defendant allowed him credit. Issue number 1, which permitted the jury to consider the prices charged by major and independent companies, is not materially different from plaintiff's contention that price support was to be based upon the prices then being charged by two majors, two independents, or a major and an independent. Issue 8 inquired the difference between the price support based on Ray's theory and the price support allowed by the plaintiff. As to the amount credited to Ray by the plaintiff there was no dispute. The credit memoranda introduced established that amount. Thus, even if it constituted a second submission of price support, one, in effect, on plaintiff's theory and one on defendant's theory, it did not submit more than one disputed fact. It was not reasonably calculated to cause and did not probably cause rendition of an improper judgment. Defendant did not obtain any additional advantage from the answer to issue 8. There was ample evidence of the amount of price support to which Ray was entitled based on his testimony as to the agreement, and the difference between that amount and the amount credited by plaintiff. The plaintiff simply denied Ray's testimony that it agreed to support the lowest posted price and that was the main fact in dispute.

We think the court did not commit reversible error in refusing to submit plaintiff's requested issue 8, which inquired generally the amount defendant owed it, when, under the defendant's denial the plaintiff had the burden of establishing the reasonable value of the products sold and the balance due on the account. The requested issue was not in correct form. R. C.P. 279. The burden is on appellant to show that, when the entire record is considered, the submission was probably harmful to it. R.C.P. 434; 4 Tex.Jur.2d 616. We think it has not overcome that burden.

We have carefully considered all of appellant's points. We conclude that reversible error is not shown. The judgment is affirmed.