

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| JERRY MULLENDORE, | § | No. 08-12-00140-CV |
| Appellant, | § | Appeal from |
| v. | § | 393rd District Court |
| KURT MICHAEL MUEHLSTEIN, | § | of Denton County, Texas |
| Appellee. | § | (TC # 2006-60010-393) |
| | § | |

**O P I N I O N**

Jerry Mullendore appeals a judgment awarding him $30,000 in damages following a jury trial in a prescriptive easement and temporary loss of use of land case. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

Mullendore owns a four-unit rental property located in the Town of Little Elm, in Denton County, Texas. He purchased the property from his father, Reverend F.K. Mullendore, who had owned it since 1961. Sometime in 1966, Reverend Mullendore installed a sewer line, a section of which he ran through a neighboring lot that he did not own. Muehlstein purchased that lot in December 2002.

In November or December 2004, Mullendore's tenants reported that sewage was backing up into their bathtubs. Mullendore hired a plumber who determined that the source of the

problem was a break in the sewage line.  The break, of course, was in the portion of the line located underneath Muehlstein's lot.  Muehlstein testified that although he initially gave Mullendore permission to make the repair, he withdrew it before the task was undertaken.[1] Mullendore, on the other hand, testified that Muehlstein had simply refused permission. Regardless, the problem with the sewage line endured through at least the date of trial. Mullendore testified that the condition made his apartments uninhabitable and that they were unrented as of that date.

## PROCEDURAL HISTORY

Mullendore sued Muehlstein in early 2006. He sought permanent injunctive relief, unspecified damages, and a declaration that a prescriptive easement existed in connection with the sewage line.  In November 2011, the case proceeded to trial before a jury.  The jury answered all questions in favor of Mullendore, and determined $30,000 to be reasonable compensation for damages Mullendore "sustained as a result of not being able to repair his sewer line where it crossed [Muehlstein's] property."  The trial court entered its final judgment on January 10, 2012, in which it declared the existence of the easement and awarded Mullendore $30,000 in damages. Mullendore appeals this award.

## CHARGE ERROR?

Mullendore's sole point of error concerns the trial court's instruction to the jury regarding damages.[2]  The instruction, together with the jury question to which it relates, reads as follows:

---

[1]  At trial, Muehlstein testified that he withdrew his permission "about a week, week and a half" later because he believed that Mullendore had prompted the Town of Little Elm to initiate code enforcement action against him.  In his brief, Muehlstein argues that the period was closer to two weeks and that thereafter, during litigation, he had re-extended permission.  While Muehlstein's arguments are not supported by citation to the record, the matter is immaterial to the issues properly before us.

[2]  Muehlstein does not address Mullendore's point of error, but instead attempts to raise cross-issues regarding the factual sufficiency of the evidence.  Muehlstein has not filed a notice of appeal.  "A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal." TEX.R.APP.P. 25.1(c).  Absent just cause

Question No. 5

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff for the damages sustained as a result of not being able to repair his sewer line where it crossed Defendant's property.

.　　.　　.

Any answer to question number 5 must be based on a reasonable degree of certainty. You may consider out of pocket expenses and lost profits, but lost profits must be calculated using gross receipts and deducting all normal and necessary operating expenses.

Mullendore argues that this instruction employed a lost profits approach, whereas the correct measure of damages for a temporary loss of use is loss of rentals. More specifically, Mullendore complains that the instruction improperly required the jury to deduct expenses from its calculation of damages. Whether a trial court applied an improper measure of damages is a question of law subject to a *de novo* review. *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex.App.--Houston [14th Dist.] 1999, pet. denied).

The calculation of damages for temporary injuries to real property should be tailored to the circumstances of the specific case. *Hall v. Robbins*, 790 S.W.2d 417, 418 (Tex.App--Houston [14th Dist.] 1990, no writ). "The purpose of the measure of damage being based upon the value of the loss of use is to compensate the owner for his loss due to the inability to use the property for its normal purposes." *Etex Tel. Co-op., Inc. v. Sanders*, 607 S.W.2d 278, 281 (Tex.Civ.App.--Texarkana 1980, no writ). Loss of rentals is one of the various approaches to calculating damages that is appropriate in a temporary injury to land case. *Id*. at 418-19; *City of Austin v. Teague*, 570 S.W.2d 389, 394 (Tex. 1978).

Certain language within the *City of Austin v. Teague* case forms the entire basis of Mullendore's argument. *Teague* involved a temporary loss of the use of land caused by a

we may not grant a party who does not file a notice of appeal more favorable relief than did the trial court. *Id*. Consequently, Muehlstein has waived error.

3

governmental actor. *Id.* at 390. The landowner sought damages for loss of rental. *Id*. After recognizing that "[l]oss of rentals is an appropriate measure of damages for the temporary loss of use of land," the Supreme Court defined the phrase "rental value" as "that amount which, in the ordinary course of business, the premises would bring or for which they could be rented, or the value, as ascertained by proof of what the premises would rent for, and *not the probable profit which might accrue*." [Emphasis added]. *Id.* at 394, *citing* 76 C.J.S. Rental at 1168 (1952). Mullendore relies on this language to argue that lost profits and out-of-pocket expenses are never proper measures of damages in temporary loss of land use cases. *Teague* does not support this argument.

The issue in *Teague* was whether there was factually sufficient evidence to support the damages awarded, not whether the proper measure of damages had been applied. *Teague*, 570 S.W.2d at 394-95. The opinion does not restrict damages in temporary injury to land cases to lost rent, nor does it forbid factoring expenses into damages. Whether *Teague* forbids reductions for expenses in cases where damages are measured solely through lost rentals, however, is less certain. One intermediate court has held that it does. *See Burke v. Pierce*, No. 01-88-00105-CV, 1988 WL 88317, at *7 (Tex.App.--Houston [1st Dist.] Aug. 25, 1988, no writ)(not designated for publication)(relying on *Teague* to hold, in a specific performance/loss of use case, that gross rather than net rental was the proper measure of lost rent damages).

We reject Mullendore's contention that *Teague* stands for the proposition that lost profits and out of pocket expenses can never be proper measures of damages for the temporary loss of use of land. Loss of rentals continues to be but one of several measures of damages available in such cases, and the measure ultimately employed should be tailored to the specific circumstances of the case. *City of Carrollton v. RIHR Inc.*, 308 S.W.3d 444, 452 (Tex.App.--Dallas 2010, pet.

4

denied), *citing Hall*, 790 S.W.2d at 418, and *United States v. Lee*, 360 F.2d 449, 452 (5th Cir. 1966). Ultimately, the "proper measure of damages for a temporary injury to real property is the amount necessary to place the owner of the property in the same position he occupied prior to the injury." *Z.A.O., Inc. v. Yarbrough Drive Center Joint Venture*, 50 S.W.3d 531, 545-46 (Tex.App.--El Paso 2001, no pet.), *quoting Lone Star Development Corp. v. Reilly*, 656 S.W.2d 521, 525 (Tex.App.--Dallas 1983, writ ref'd n.r.e.) and *Kraft v. Langford*, 565 S.W.2d 223, 227 (Tex. 1978).

Further contrary to Mullendore's position is authority establishing that out of pocket expenses and loss of profits can be appropriately recovered as compensation for temporary loss of land use. *Betts v. Reed*, 165 S.W.3d 862, 872-73 (Tex.App.--Texarkana 2005, no pet.) (affirming award of out of pocket expenses based on loss of use of real property); *San Antonio River Auth. v. Garrett Bros.*, 528 S.W.2d 266, 274 (Tex.Civ.App.--San Antonio 1975, writ ref'd n.r.e.)(for temporary taking or damage, landowner entitled to recover such sum as would compensate for lost profits).

Nonetheless, assuming without deciding that the trial court's instruction regarding damages was improper, the purported error cannot be the basis of a reversal unless the instruction "was harmful because it probably caused the rendition of an improper verdict." *Penrod v. Schecter*, 319 S.W.3d 737, 745 (Tex.App.--El Paso 2009, pet. denied), *citing* TEX.R.APP.P. 44.1, and *Wal-Mart Stores, Inc. v. Johnson*, 106 S.W.3d 718, 723 (Tex. 2003). Mullendore bears the burden to show the probability of harm. *In re Marriage of Scott*, 117 S.W.3d 580, 584 (Tex.App.--Amarillo 2003, no pet.)(holding that an appellate court "may not reverse the judgment of the trial court" unless the appellant satisfies this burden). *American Petrofina Company of Texas v. Ray,* 383 S.W.2d 616 (Tex.Civ.App.--Eastland 1964, writ ref'd

5

n.r.e.). Whether harm has been suffered from charge error must be determined from an examination of the record as a whole. *Denman v. Burris,* 815 S.W.2d 793, 796 (Tex.App.--El Paso 1991, writ denied). An appellant is required to identify the places in the record that support his complaint. *G.R.A.V.I.T.Y. Enterprises, Inc. v. Reece Supply Co.*, 177 S.W.3d 537, 546 (Tex.App.--Dallas 2005, no pet.); *see also Keene Corp. v. Gardner*, 837 S.W.2d 224, 229 (Tex.App.--Dallas 1992, writ denied).

Mullendore makes no attempt to establish that the trial court's instruction probably caused the rendition of an improper judgment. His brief does not contain any record citations or arguments addressing this issue. Although he argues that he offered evidence of damages in excess of the jury's award, he makes no effort to establish that the instruction caused the rendition of an improper verdict. We construe the Rules of Appellate Procedure liberally, but an appellate court has no duty to search the record without guidance from an appellant to determine whether its assertion of reversible error is valid. *Ashley Furniture Indus., Inc. v. David Pierce*, 311 S.W.3d 595, 597 (Tex.App.--El Paso 2010, no pet.); *G.R.A.V.I.T.Y.*, 177 S.W.3d at 546; *Keene*, 837 S.W.2d at 229. An appellant's brief must contain both substantive analysis and citation to authorities and the record; a failure to include either waives an issue on appeal. *See* TEX.R.APP.P. 38.1(i); *In re M.J.G.*, 248 S.W.3d 753, 760 (Tex.App.--Fort Worth 2008, no pet.). *See also Fredonia State Bank v. General American Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994)(holding that appellate courts have discretion to find an issue waived due to inadequate briefing). Because we conclude that Mullendore has waived error, we overrule his point sole and affirm the judgment of the trial court below.

January 15, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

6