

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

### NO. 02-15-00267-CV

LUREA HORNBUCKLE                                                  APPELLANT

V.

FRANK KENT CADILLAC OWNER                           APPELLEES
WILLIAM P. CHURCHILL
PRESIDENT CEO

------------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 2015-002539-3

----------

## MEMORANDUM OPINION[1]

----------

Appellant Lurea Hornbuckle, proceeding pro se, perfected this appeal from

the trial court's summary judgment in favor of Appellees Frank Kent Cadillac

L.L.C. and William P. Churchill.  Hornbuckle initially filed suit against Appellees in

justice court, seeking $10,000 for "loss of free car potential."  After the justice

---

[1]*See* Tex. R. App. P. 47.4.

court granted summary judgment for Appellees, Hornbuckle sought de novo review before the county court at law.

In the county court at law, Appellees moved for a traditional summary judgment on the ground that Hornbuckle had failed to allege any viable cause of action and had also failed to allege facts sufficient to satisfy the elements of any viable cause of action:

> Plaintiff's Petition makes no substantive legal claims against Defendants, but instead nonsensically and incoherently rambles on various subjects. Plaintiff's only connection to Defendants is an attempted vehicle test-drive. Plaintiff paid Defendants no money. Plaintiff bought nothing from Defendants. There is no purchase agreement between Plaintiff and Defendants. Plaintiff's claims are pure fiction.

In support of their motion for summary judgment, Appellees attached summary-judgment evidence establishing that on July 3, 2014, Hornbuckle had visited Frank Kent Cadillac, had expressed an interest in purchasing a new vehicle and had requested that she be allowed to test-drive the vehicle for several days, had completed Frank Kent's standard Vehicle Loan Form to facilitate the extended test-drive and that—after credit checks—Frank Kent had elected not to provide the vehicle to Hornbuckle for an extended test-drive. Hornbuckle left the dealership without making a purchase. Hornbuckle failed to file a response to Appellees' motion for summary judgment.

In her second amended brief,[2] Hornbuckle purports to raise seven issues;[3] however, none of her issues set forth grounds challenging the summary judgment granted by the trial court.[4]  Instead, her brief makes general allegations expressing her dissatisfaction with Appellees.  For example, under her breach-of-contract issue, Hornbuckle's brief alleges that Appellees have "the responsibility to honor all materials given to consumer."  Under her violation of right-to-privacy issue, Hornbuckle seems to complain because Appellees performed a credit check before making a decision on whether to authorize her request for an extended test-drive.  Under her third issue, Hornbuckle fails to present a coherent sentence from which we can discern her complaint.  Under her fourth

---

[2]The clerk of our court sent letters to Hornbuckle after she tendered her initial brief and her first amended brief for filing with this court notifying her of the deficiencies in her brief and requesting that she file an amended brief.

[3]Hornbuckle's stated issues are as follows: (1) breach of contract agreement; (2) violation of right to privacy; (3) Appellee motion for summary judgment; (4) libel & slander, defamation; (5) affirmative defenses; (6) affidavit of Preston R. Mundt; (7) potentials for success.

[4]Hornbuckle's brief is, for the most part, incoherent; our interpretation of her contentions is extremely liberal. *See* Tex. R. App. P.  38.1(f).  As an example of the tone and style of Hornbuckle's brief, we set forth the following excerpt from pages 9 and 10 of her brief concerning her third issue:

> Do not know if Fifth Circuit of Appeals has Abused Power and Abused "power of Process to gain advantage and injury to plaintiff," of NO," due process of law under Constitution of the U.S.A. Appellee has no Preponderance of Evidence of all Elements and Abuse Power by Imposed Monetary Sanction to prevent the First Administration of laws is Justice , and Fifth Circuit Mort Threats of Additional more server sanctions , is in violation of The Constitution of the U.S.A. allowing a Trial By Jury , Due Process of Law.

3

issue, Hornbuckle appears to complain that Appellees committed libel or slander because "APPELLEE Counsel wrote a letter to court for others to Read." Under her fifth issue concerning affirmative defenses, Hornbuckle appears to list affirmative defenses that she contends Appellees do not possess.[5] Under her sixth issue, Hornbuckle apparently complains of Mr. Mundt's attorney's fees affidavit; Mr. Mundt, however, waived his request for attorney's fees, and the trial court's summary judgment does not award any. Under her seventh issue, Hornbuckle fails to make any cogent statement from which we are able to discern an argument or complaint. She cites no case law in support of any of her issues and sets forth no analysis of any issue in her brief.[6]

Although we liberally construe pro se briefs, litigants who represent themselves are held to the same standards as litigants represented by counsel.

---

[5]Hornbuckle lists, in part:

1. Appellee has no preponderance of Evidence for Frivolous

material facts of Nonsenical [sic] evidence according to Texas law

2. Failure to give any evidence and cannot say Appellant Failure of Consideration , Hearsay, only GOD CAN JUDGE HEART AND MIND OF A PERSON , not the Attorney

3. Appellee Attorney have not explained the material facts of law

pre-      by contractual waiver , what law have not explained facts.

[6]Appellees contend that Hornbuckle has waived all issues on appeal by failing to "identify a legitimate issue for review, provide substantive analysis of legal issues, and cite to relevant legal authority."

*See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). To hold otherwise would give pro se litigants an unfair advantage over litigants with an attorney. *Id.* The Texas Rules of Appellate Procedure require that a brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i); *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010) (recognizing that "[t]he Texas Rules of Appellate Procedure require adequate briefing."). The appellate court has no duty to brief issues for an appellant. *Mullendore v. Muehlstein*, 441 S.W.3d 426, 429 (Tex. App.—El Paso 2014, pet. abated); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). In the absence of appropriate record citations or a substantive analysis, a brief does not present an adequate appellate issue. *Magana v. Citibank, N.A.*, 454 S.W.3d 667, 680–81 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (deeming issue waived due to inadequate briefing); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding failure of appellant's brief to offer argument, citations to record, or citations to authority waived issue on appeal); *Devine v. Dallas Cty.*, 130 S.W.3d 512, 513–14 (Tex. App.—Dallas 2004, no pet.) (holding party failing to adequately brief complaint waived issue on appeal); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (recognizing long-standing rule that error may be waived due to inadequate briefing). An appellant must discuss the facts and the authorities relied upon as may be requisite to maintain

the point at issue. *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Id.*

Because Hornbuckle has failed to adequately brief any issue for review by this court, even after being notified of the deficiencies in her appellate brief, we hold that the issues she purports to raise have been waived, and we overrule them. Accordingly, we affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, MEIER, and SUDDERTH, JJ.

DELIVERED: June 2, 2016