

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00387-CV

LUREA HORNBUCKLE                                                APPELLANT

V.

STATE FARM INSURANCE AND                                       APPELLEES
DAVID KIRKPATRICK

----------

### FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY
### TRIAL COURT NO. 2015-005432-2

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

In seven issues, Appellant Lurea Hornbuckle, proceeding pro se, challenges the trial court's summary judgment in favor of Appellees State Farm Insurance and David Kirkpatrick. Because none of Hornbuckle's seven issues is

---

[1]*See* Tex. R. App. P. 47.4.

adequately briefed in accordance with Texas Rule of Appellate Procedure 38.1, we will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Hornbuckle insured a home located at 4725 Aramis Drive, Arlington, Texas, (the Property) with State Farm. Hornbuckle filed suit against State Farm and insurance adjuster Jerry Thompson in the 352nd District Court in Tarrant County for two claims arising under the policy: claim number 43-1C00-262 (which is not involved in this appeal) pertained to water damage to the Property on or about May 28, 2012; and claim number 43-20M3-0024 pertained to damage to personal property that was moved from the Property to a storage facility in Mansfield on or about June 7, 2013.

In December 2013, Hornbuckle and her son executed a settlement agreement and release of all claims, which included the following:

> FOR AND IN CONSIDERATION of the delivery of one or more checks to **LUREA HORNBUCKLE and/or WILLIAM HORNBUCKLE, JR.** (the Undersigned) and the Law Firm of Caleb Moore, PLLC, in the total aggregate sum of FIFTEEN THOUSAND and NO/100 DOLLARS ($15,000.00) the receipt and sufficiency of which is hereby acknowledged, the Undersigned does hereby release and forever discharge STATE FARM LLOYDS, JERRY THOMPSON[,] and DAVID KIRKPATRICK, . . . (the Released Parties) of and from any and all claims, demands, damages, actions[,] or causes of action that are or could be asserted by the Undersigned in this lawsuit or in any way relating to or arising on account of damages that occurred on or before the date this lawsuit was filed and on or after the date this lawsuit was filed, including but not limited to claims for damage arising under policy number 58-BR-2033-9 and identified as claim numbers: 43-1C00-262 and 43-20M3-024.

2

. . . .

> The Undersigned further agrees to dismiss all claims against the Released Parties as described above and in this lawsuit with prejudice to re-filing of same.

> The Undersigned understands and agrees that the purpose of this Settlement Agreement and Release of All Claims is to forever compromise, settle, and release any and all claims that are or could be asserted by the Undersigned against the Released Parties as described above.  It is further understood that this is a FULL AND FINAL RELEASE and settlement of all past, present[,] and future claims, demands, obligations, actions[,] or causes of action of every nature and kind whatsoever, whether known or unknown, suspected or unsuspected, now and forever against the Released Parties, identified herein as Claim No. 43-1C00-262 and Claim No. 43-20M3-024.

Hornbuckle's signature and her son's signature appear on the settlement agreement and release, and both signatures are separately notarized.  State Farm tendered a check in the amount of $15,000.00 made payable to "Law Office Of Caleb Moore In Trust For Lurea Hornbuckle," and Caleb Moore endorsed the check.

On December 23, 2013, the 352nd District Court signed an agreed order of dismissal and ordered that Hornbuckle's suit against State Farm and adjuster Thompson be dismissed with prejudice.  The order was approved by Hornbuckle's attorney Caleb Moore.

Approximately one year later, on February 3, 2015, Hornbuckle filed suit in Justice of the Peace Court Precinct No. 8 (JP court) against Appellees for claims arising from the handling and the alleged nonpayment of claim number 43-20M3-

3

024. Appellees[2] filed a general denial and asserted the affirmative defense of settlement and release. In due course, Appellees filed a motion for summary judgment on all of Hornbuckle's claims and causes of action, which the JP court granted.

Hornbuckle sought de novo review before the county court at law (the trial court). Appellees moved for summary judgment on Hornbuckle's causes of action and on their affirmative defense of settlement and release. In support of their motion for traditional summary judgment, Appellees attached summary-judgment evidence establishing the release of all claims related to claim number 43-20M3-024 for the June 7, 2013 water damage, the settlement payment of $15,000, and the dismissal of Hornbuckle's prior suit on claim number 43-20M3-024 that she had filed in the 352nd District Court. Hornbuckle filed a response and attached checks from State Farm that predated the settlement agreement. The trial court thereafter granted Appellees' motion for summary judgment.

## III. INADEQUATE BRIEFING

In her first amended brief,[3] Hornbuckle purports to raise seven issues. The arguments under each of the issues presented are repetitive; do not necessarily

---

[2]State Farm Llloyds answered and filed special exceptions in the trial court pointing out that Hornbuckle had incorrectly named and sued State Farm Insurance.

[3]The clerk of our court sent a letter to Hornbuckle after she tendered her initial brief for filing with this court notifying her of the deficiencies in her brief and requesting that she file an amended brief.

4

correspond to the issues; and are, for the most part, incoherent.[4]  Under her first issue, Hornbuckle seems to argue that the summary-judgment procedure utilized by the trial court to dispose of the case deprived of her of due process and her right to a trial by jury.[5]  Under her second issue, Hornbuckle appears to argue that the evidence regarding the inspection performed in claim number 43-20M3-024 constituted hearsay; however, any evidence related to the inspection performed in claim number 43-20M3-024 was presented when that claim was resolved in the 352nd District Court, not the trial court.  Under her third issue,

---

[4]As an example, we set forth the following from page 17 of her brief, in which Hornbuckle presents her second issue and her one-sentence argument under that issue:

**MISREPSENTATION OF THE MATERIAL FACTS OF CIRCUMSTANCES , USING DECEIT UPON THE COURT TO MAKE BELIEVE YEAR MAY 28, 2012 CLAIM IS PART OF YEAR LATER JUNE 07,2013 CLAIM, "FRAUDULENT SETTLEMENT AGREEMENT WITH RELEASE OF ALL CLAIMS , FRAUDULENT NOTARY SEAL,DECEIT UPON COURT FOR DISMISSAL, CONCEALMENT OF EVIDENCE.**

State Farm Lloyds & Jerry Thompson and Legal Counsel knowingly a new claim was filed one year later," June 07, 2013 Claim NO 43-20M3 -024 damage to personal property moved to a storage facility, 5105 Mansfield Highway Fort Worth, Texas 76119, Claim Acknowledged and Inspection set up by Adjuster David Kirkpatrick using deceit upon the Court Have not presented "EVIDENCE , only Hearsay.

[5]*See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 336, 99 S. Ct. 645, 654 (1979) (noting that procedural devices such as summary judgment and directed verdict do not violate the federal constitution's right to jury trial in civil cases).

Hornbuckle appears to complain about how her attorney handled the $15,000 check made payable to him from State Farm. In her fourth issue, Hornbuckle apparently complains of a vexatious litigant ruling from the 352nd District Court. Under her fifth issue, Hornbuckle contends that Appellees' attorneys violated "the Rules of Law, commit[ted] Fraud upon the Court and Corrupt[ed] the legal system Ethical Standard" by filing a motion for traditional summary judgment in an "attempt to avoid Trial by Jury." Under her sixth issue, Hornbuckle appears to argue that all of Appellees' summary-judgment evidence was false and meant for deceit. Under her seventh issue, Hornbuckle reiterates that Appellees' attorneys violated some unnamed rule by filing a motion for summary judgment because they were "attempting to avoid [the] time and expense of Trial and [to] eliminate the risk of losing at Trial and [to] avoid discovery Evidence." She cites no case law in support of any of her issues.

Although we liberally construe pro se briefs, litigants who represent themselves are held to the same standards as litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). To hold otherwise would give pro se litigants an unfair advantage over litigants with an attorney. *Id.* The Texas Rules of Appellate Procedure require that a brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i); *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010) (recognizing that "[t]he Texas Rules of Appellate Procedure require adequate briefing."). The appellate

6

court has no duty to brief issues for an appellant. *Mullendore v. Muehlstein*, 441 S.W.3d 426, 429 (Tex. App.—El Paso 2014, pet. abated). In the absence of appropriate record citations or a substantive analysis, a brief does not present an adequate appellate issue. *Magana v. Citibank, N.A.*, 454 S.W.3d 667, 680–81 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (deeming issue waived due to inadequate briefing); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding failure of appellant's brief to offer argument, citations to record, or citations to authority waived issue on appeal); *Devine v. Dallas Cty.*, 130 S.W.3d 512, 513–14 (Tex. App.—Dallas 2004, no pet.) (holding party failing to adequately brief complaint waived issue on appeal); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (recognizing long-standing rule that error may be waived due to inadequate briefing). An appellant must discuss the facts and the authorities relied upon as may be requisite to maintain the point at issue. *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Id.*

Because Hornbuckle has failed to adequately brief her issues, even after being notified of the deficiencies in her initial appellate brief, we hold that the seven issues she purports to raise have been waived, and we overrule them.

7

## IV. Conclusion

Having overruled all of Hornbuckle's issues, we affirm the trial court's judgment.

PER CURIAM

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DELIVERED:  October 13, 2016