

# NUMBER 13-24-00446-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN THE MATTER OF THE MARRIAGE OF
## LATRICIA MUNDORF AND DILLON DAN MUNDORF

---

## ON APPEAL FROM THE 36TH DISTRICT COURT
## OF LIVE OAK COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West
Memorandum Opinion by Chief Justice Tijerina**

By what we construe as eight issues, appellant Dillon Dan Mundorf (Husband) appeals from a final divorce decree contending that the trial court improperly awarded his separate property to appellee Latricia Mundorf (Wife) (issues one through three), mischaracterized community property (issues four through seven), and did not file required findings of fact and conclusions of law (issue eight). We reverse and remand in part and affirm in part.

## I.  APPLICABLE LAW AND STANDARD OF REVIEW

The division of the community estate must be "in a manner that the court deems 'just and right,' with due regard for each party's rights." *DeSpain v. DeSpain*, 704 S.W.3d 866, 869 (Tex. App.—Austin 2024, no pet.) (first citing TEX. FAM. CODE § 7.001; and then citing *Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011)). We presume that property owned by the spouses at the dissolution of marriage is community property. *Id.* Property acquired by a spouse prior to marriage or by gift, devise, or descent is separate property. *Id.* To rebut the community property presumption, there must be clear and convincing evidence that the assets are separate property. *Id.* "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* (citation modified).

We review the trial court's division of the marital estate for an abuse of discretion. *Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018) ("The division 'should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair.'" (quoting *Hedtke v. Hedtke*, 248 S.W. 21, 23 (1923))). "The Texas Supreme Court has held that it is unconstitutional for a trial court to divest a party of separate property by awarding any portion of it to the other party in a divorce proceeding." *DeSpain*, 704 S.W.3d at 870 (citing *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 141 (Tex. 1977)). Therefore, a harm analysis is not required because it is reversible error as a matter of law for the trial court to divest a spouse of separate property. *Id.*

## II.      CHARACTER OF THE PROPERTY

By his first through third issues, Husband contends that the trial court improperly mischaracterized his separate property including several horses and real property as community property. By his fourth through sixth issues, Husband claims that the trial court improperly awarded community property, including a horse named DM High Roller a/k/a Vanilla Wafer, DM High Roller's genetic material, and two limited liability companies to Wife as her separate property. By his seventh issue, Husband contends that the trial court improperly awarded Wife an interest in Mundorf Cattle Co.

### A.      Pertinent Facts

Husband and Wife are both horse trainers who began dating in 2015. According to Husband and Wife, they were married on September 7, 2019. The parties separated on October 5, 2022, because according to Wife, she discovered that Husband had "engaged in an illicit affair." Wife filed for divorce in November 2022.

At trial, each party presented evidence regarding the community estate and separate property. On appeal, Wife concedes that the trial court awarded some of Husband's separate property, as part of the community estate, including certain horses and real property that Husband purchased prior to marriage (the 524 FM 1358 property).

### B.      The Horses

By his first issue, Husband contends several horses awarded to Wife as part of the community estate were his separate property. Wife concedes that the following horses were improperly awarded to her as separate property: DM Red High Heels, DM Can't Touch This, Mamanverseenthoseiz, DM Sadie, Miss West Hand Off, DM CSI, DM Social Media, and Berts Aboo. Upon reviewing the evidence, we agree and conclude that the

3

evidence established by clear and convincing evidence that the above-listed horses are Husband's separate property. Therefore, the trial court committed reversible error by improperly awarding those horses to Wife. *See DeSpain*, 704 S.W.3d at 870; *Tate v. Tate*, 55 S.W.3d 1, 7 (Tex. App.—El Paso 2000, no pet.) ("Wife claims Blackacre is separate property and Husband claims it is community property. The trial court characterizes it as community property and awards it to Husband. If Wife can establish that Blackacre is her separate property, it is unnecessary to show harm because divestiture of separate property is reversible error.").[1] We sustain Husband's first issue.

It appears that by a sub-issue to his first issue, Husband also claims sole ownership of two other horses: DM I Got This and DM Touch of Angel. Husband does not provide any record citation wherein he provided evidence to the trial court concerning the character of these two horses, and he does not provide any legal argument with citation to authority supporting a conclusion that these horses were his separate property. *See* TEX. R. APP. P. 38.1(i). Therefore, Husband has not shown on appeal that he overcame the presumption that property owned at the dissolution of the marriage is community property. *See DeSpain*, 704 S.W.3d at 869. We overrule Husband's sub-issue to his first issue.

## C.    The 570 FM 1358 Property

By his second issue, Husband asserts that the 570 FM 1358 property was his

---

[1] We note that the list of horses that Husband claims are his separate property does not match Wife's list. However, Husband does not specifically address how he provided clear and convincing evidence establishing that each horse on his list which he put in a footnote in his brief was his separate property. Therefore, we will not address the characterization of the horses that Husband has not adequately shown on appeal are his separate property. *See* TEX. R. APP. P. 38.1(i); *Tate v. Tate*, 55 S.W.3d 1, 6–7 (Tex. App.—El Paso 2000, no pet.) (providing that the appellant has the burden on appeal to show that the trial court improperly mischaracterized the property through either a legal or factual sufficiency challenge).

separate property because according to Husband, the couple acquired the property in 2019, while not married and not able "to qualify for a mortgage, so inception of title began by executory, rent to own contract." Husband does not provide any legal analysis with citation to pertinent authority supporting his assertion. *See* TEX. R. APP. P. 38.1(i). Husband cites the record wherein he testified that the couple entered a lease to own contract in July 2019 to purchase the property and that the couple put down $25,000, and he borrowed $250,000 from his father to complete the purchase. Wife testified that the couple purchased the property during the marriage and that they paid cash. As the finder of fact, the trial court could have disbelieved Husband's testimony that the couple entered a lease to own agreement in July 2019 and could have believed Wife's testimony that the couple paid cash for the property in 2020. *See DeSpain*, 704 S.W.3d at 869. Therefore, we cannot conclude that the 570 FM 1358 property was separate property. We overrule his second issue.

## D.    The 524 FM 1358 Property

By his third issue, Husband claims that the trial court improperly included the 534 FM 1358 property in the division of the community estate. Wife agrees that the 524 FM 1358 property is Husband's separate property.

Although the trial court characterized the 524 FM 1358 property as community property, it was awarded solely to Husband. In such circumstances, to prevail on appeal, Husband must also show "that the characterization error was harmful—because of the mischaracterization, the overall division of property constitutes an abuse of discretion." *See Tate*, 55 S.W.3d at 6–7. However, on appeal, Husband does not make such an argument or showing. *See id.*; *In re Marriage of Morris*, 12 S.W.3d 877, 884 (Tex. App.—

5

Texarkana 2000, no pet.) (explaining that automatic reversal is not required when the trial court mischaracterizes separate property as community property and awards it to the appellant, in which case, the appellant must establish that any mischaracterization of property caused a disparity in the division that was of such substantial proportions that it constituted an abuse of the trial court's discretion). Nonetheless, because we must reverse the trial court's entire division of the community estate because the trial court divested Husband of his separate property, we need not address this issue further. *See Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985) (stating that if reversible error exists that affects just and right division of property, appellate court must remand entire community estate for new division); *see also* Tex. R. App. P. 47.1.

### E.    DM High Roller

By his fourth issue, Husband claims that DM High Roller is community property. In the trial court, Husband claimed that DM High Roller belonged to the community because the parties were in a common law marriage beginning in 2016 before DM High Roller was acquired in 2017. Husband states in his brief that he has abandoned his common law marriage claim, and on appeal he does not cite any pertinent authority with legal analysis to support the conclusion that the trial court improperly determined that DM High Roller was Wife's separate property. *See id.* R. 38.1(i).

Nonetheless, Wife testified that she and her first husband "bred, owned, and raised DM High Roller's dam (mother Happy to Run Em, known as "Kylee") and owned DM High Roller's grand dam (grandmother, "Lady Rompin"). Evidence shows that DM High Roller was born prior to marriage in 2017. The trial court admitted Wife's requests for admissions showing that Husband failed to respond to the statement: "Admit or Deny that Vanilla

6

Wafer is the separate property of" Wife. Additionally, the trial court admitted Husband's deposition wherein he stated, that "as far as [he] kn[e]w" Wife owned DM High Roller and said, "That is her colt." As the finder of fact, the trial court was free to believe this evidence constituted clear and convincing evidence that DM High Roller was Wife's separate property. *See DeSpain*, 704 S.W.3d at 869. We overrule Husband's fourth issue.

**F.      DM High Roller's Genetic Material and The Limited Liability Companies**

By his fifth issue, Husband claims that DM High Roller's semen is community property because it was collected during the marriage. By his sixth issue, Husband asserts that the couple "created two limited liability companies during marriage, RFA Stallion Incentive, LLC on March 7, 2022, and Roping Futurities of America, LLC, on March 16, 2022," but the trial court awarded those assets to Wife as her separate property. Wife states, "It is undisputed that Husband and Wife formed these two entities during marriage and they are community property," and Husband "agreed to give" them "to Wife at the temporary orders hearing, as her sole and separate property." According to Wife, "[t]he parties stipulated and agreed that the community property entities shall become the separate property of Wife," and "[d]uring the final trial on this matter, [Husband] signed the documents transferring ownership to Wife" and did not "raise any objections or complaints in the trial court" about this stipulation. Nonetheless, Wife then states, "If however, the Court concludes this matter is properly preserved, Wife voluntarily concedes that Husband can maintain the sole ownership of these two entities and she disclaims any and all interest in same."

Having concluded that the trial court divested Husband of his separate property, we need not address these issues as they are not dispositive of this appeal because the

entire community estate will be divided once more upon remand when the parties can better address the division of this property. *See Jacobs*, 687 S.W.2d at 733; *see also* TEX. R. APP. P. 47.1.; *DeSpain*, 704 S.W.3d at 870; *Tate*, 55 S.W.3d at 7.

## H. Mundorf Cattle Co.

By his seventh issue, Husband appears to challenge the sufficiency of the evidence supporting the trial court's finding that Wife has a 25% community estate ownership interest in the Mundorf Cattle Co. Husband acknowledges that Wife testified that she owns a twenty-five percent interest in the company. Moreover, although we must "construe the Rules of Appellate Procedure liberally," we are not required "to search the record without guidance from an appellant to determine whether its assertion of reversible error is valid." *Mullendore v. Muehlstein*, 441 S.W.3d 426, 430 (Tex. App.—El Paso 2014, pet. denied). An "appellant's brief must contain both substantive analysis and citation to authorities and the record; a failure to include either waives an issue on appeal." *Id.* Husband does not point to the record wherein he provided evidence that Wife does not own such interest, and he does not provide legal argument to support his claim. *Id.* Therefore, we cannot conclude that the trial court erred. We overrule Husband's seventh issue.[2]

### III. CONCLUSION

Having found that the trial court committed reversible error by mischaracterizing the horses listed in subsection B of this memorandum opinion as community property and

---

[2] Husband asserts that certain property, including "the Belly Dump trailer" belonging to the Mundorf Cattle Co. was erroneously awarded to Wife. However, we need not address this assertion because the cause will be remanded for a new determination of the division of the community estate. *See* TEX. R. APP. P. 47.1.

by divesting Husband of his separate property, we reverse the portion of the trial court's judgment relating to the division of the community estate and remand for further proceedings consistent with this opinion.[3] *See DeSpain*, 704 S.W.3d at 871. In all other respects, the trial court's decree of divorce is affirmed.[4] *See id.*

JAIME TIJERINA
Chief Justice

Delivered and filed on the
11th day of June, 2026.

---

[3] By his eighth issue, Husband states that the trial court did not file findings of fact and conclusions of law relating to "the characterization and value of all assets, liabilities, claims, and offsets on which disputed evidence has been presented." Because we have reversed the division of the property, we need not address Husband's complaint related to the trial court's findings of fact and conclusions of law regarding its division of the estate. *See Jacobs v. Jacobs,* 687 S.W.2d 731, 733 (Tex. 1985); TEX. R. APP. P. 47.1.

[4] In her brief, by several cross-issues, Wife seeks to reverse the trial court's division of the community estate. However, Wife did not file a notice of appeal in this cause. "'A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal.'" *Mullendore v. Muehlstein*, 441 S.W.3d 426, 428 (Tex. App.—El Paso 2014, pet. denied) (quoting TEX. R. APP. P. 25.1(c)). "Absent just cause we may not grant a party who does not file a notice of appeal more favorable relief than did the trial court." *Id.*; *Frontier Logistics, L.P. v. Nat'l Prop. Holdings, L.P.*, 417 S.W.3d 656, 666 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) ("The Supreme Court of Texas has held that an appellee in the court of appeals who has not filed a notice of appeal may not seek to alter the trial court's judgment in a way that would award the appellee more relief than the trial court granted the appellee in its judgment. (citing *Lubbock County, Texas v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 584 (Tex. 2002); *CHCA East, L.P. v. Henderson, D.D.S.*, 99 S.W.3d 630, 636 (Tex. App.—Houston [14th Dist.] 2003, no pet.))). Consequently, Wife has waived error. *See Mullendore*, 441 S.W.3d at 428; *Frontier Logistics, L.P.*, 417 S.W.3d at 666 ("Because the Plank Parties have not filed a notice of appeal, they may not seek to alter the trial court's judgment to award them more relief than the trial court granted in its judgment, and we may not consider their conditional cross-point." (citing *Lubbock County, Texas*, 80 S.W.3d at 584; *CHCA East, L.P.*, 99 S.W.3d at 636)). Nonetheless, because we have concluded that the trial court committed reversible error by divesting Husband of his separate property, Wife will be afforded an opportunity to address her issues upon remand.