FARRIS, Circuit Judge:
Roach borrowed money to finance a residential subdivision development. Within a few months, he stopped making payments when due. The Bank elected to foreclose non-judicially.
Public sale of the property was scheduled for February 4, 1980. On that day, Roach filed a Chapter 11 insolvency petition. The Bank published a notice of postponement of sale, and filed a complaint for relief from the automatic stay.
After a preliminary hearing, the bankruptcy court concluded: (1) Roach did not have an equity interest in the property; (2) the property was not necessary to an effective reorganization; (3) the Bank’s interests were not and could not be adequately protected without relief from the automatic stay; and (4) there was no reasonable likelihood Roach would prevail at a final hearing. Relief from the automatic stay was granted by judgment and order dated April 21, 1980.
Roach responded with a motion for a new trial and stay of judgment. Roach contended a communications gap between himself and his attorney had prevented effective representation. This motion was denied on April 30, and the sale occurred the following day.
On the day after sale Roach filed a motion for relief from the April 21 judgment and for an order invalidating the sale. Roach’s sole contention was that the Bank had repeatedly violated the automatic stay provision by publishing several successive notices of postponement of sale. Each notice had (1) indicated that the sale would not take place on a previously announced date, and (2) specified a date when the sale would take place. Roach’s motion was denied on May 21.
Roach appealed to the district court. Although expressly appealing only the May 21 *1318 order, Roach also argued that the April 21 judgment and order granting relief from the automatic stay was clearly erroneous, and that the April 30 order denying a new trial was an abuse of discretion. The district court considered all the arguments raised, and affirmed the May 21 order.
Roach now appeals the decision of the district court. We affirm.
ANALYSIS
Roach’s motion for relief from the April 21 judgment was in the nature of a Fed.R.Civ.P. 60(b) motion, made applicable to bankruptcy cases by Fed.R.Bankr.P. 924. The standard of review is abuse of discretion. Browder v. Director, Department of Corrections, 434 U.S. 257, 263 n.7, 98 S.Ct. 556, 560 n.7, 54 L.Ed.2d 521 (1978); United States v. Russell, 578 F.2d 806, 807 (9th Cir. 1978) (per curiam).
The April 21 judgment and order for relief from the automatic stay was not clearly erroneous.
An appeal from a denial of a Fed.R. Civ.P. 60(b) motion does not bring up the underlying judgment for review. Browder v. Director, Department of Corrections, 434 U.S. at 263 n.7, 98 S.Ct. at 560 n.7; Hayward v. Britt, 572 F.2d 1324, 1325 (9th Cir. 1978) (per curiam).
Roach argues as if he had appealed and the district court had affirmed the underlying judgment granting relief from the automatic stay. In fact, Roach appealed only the May 21 denial of his motion for relief from judgment. A notice of appeal from the underlying judgment had been filed, but had been dismissed on Roach’s motion before being docketed. Dismissal by the bankruptcy court was proper. Fed.R. Bankr.P. 801(b) (applicable pursuant to Interim Bankr.R. 8003, adopted for the bankruptcy court for the District of Alaska by district court order dated September 28, 1979) .
Roach’s argument that he intended to include the underlying judgment in his appeal to the district court is unavailing. The time for appeal from the underlying judgment had expired. Fed.R.Bankr.P. 802(a) (10 days). See Daily Mirror, Inc. v. New York News, Inc., 533 F.2d 53, 56 (2d Cir.) (per curiam), cert. denied, 429 U.S. 862, 97 S.Ct. 166, 50 L.Ed.2d 140 (1976).
Further, the bankruptcy court’s conclusion that Roach did not have an equity interest in the subject property was not clearly erroneous. The property was encumbered by liens totalling approximately $625,000, and though the bankruptcy court heard conflicting testimony regarding the value of the property, one appraiser testified the value was not greater than $480,-000. In addition, the bankruptcy court also concluded that the Bank lacked adequate protection of its interests in the property, and Roach has not challenged this independent basis for the judgment.
(2) The April 30 denial of Roach’s motion for a new trial was not an abuse of discretion.
Roach’s argument that a communications gap between himself and his then attorney prevented the attorney from representing him effectively and caused certain relevant evidence not to be presented to the bankruptcy court may fall within the scope of Fed.R.Civ.P. 60(b). However, the argument is unpersuasive. The record shows that Roach was adequately represented during the preliminary hearing. Additionally, there was ample evidence to support the bankruptcy judge’s conclusion that Roach’s request for new counsel was just “further delaying tactics.”
(3) Notices of postponement of sale do not constitute violations of the automatic stay.
Postponement notices which specify a new sale date do not violate 11 U.S.C. § 362.
The purpose of the automatic stay is to give the debtor a breathing spell from his creditors, to stop all collection efforts, harassment and foreclosure actions. Notes of Committee on the Judiciary, Sen.Rep.No. 989, 95th Cong., 2d Sess. 54, reprinted in [1978] U.S.Code Cong. & Ad.News 5787, 5840. The automatic stay also prevents *1319 piecemeal diminution of the debtor’s estate. See Bohack Corp. v. Borden, Inc., 599 F.2d 1160, 1167 (2d Cir. 1979). The automatic stay does not necessarily prevent all activity outside the bankruptcy forum. See David v. Hooker, Ltd., 560 F.2d 412, 417-18 (9th Cir. 1977) (automatic stay under old bankruptcy act did not prevent trial judge in a separate ease from requiring the debtor to comply with a discovery order issued prior to the filing of the insolvency petition).
Here, the Bank merely maintained the status quo, and did not harass, interfere or gain any advantage. This is consistent with the purpose of the automatic stay provision. See In re Decker, 465 F.2d 294, 297 (3d Cir. 1972) (stay provisions of old act were designed to maintain status quo).
Affirmed.