# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| RAJBIR SINGH, as his separate estate, )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>FEDERAL NATIONAL MORTGAGE )<br>ASSOCIATION, an association, )<br>QUALITY LOAN SERVICE CORP., a )<br>Washington Corporation, )<br>NATIONSTAR MORTGAGE LLC., )<br>)<br>Respondents. )<br>_____) | No. 76227-3-I<br><br>DIVISION ONE<br><br><br><br><br><br>UNPUBLISHED OPINION<br><br>FILED: April 23, 2018 |

MANN, A.C.J. — Rajbir Singh's home was nonjudicially foreclosed on after he defaulted on his mortgage. Singh sued (1) the buyer at the trustee's sale, Federal National Mortgage Association (Fannie Mae), (2) the trustee, Quality Loan Service Corporation of Washington (Quality), and (3) the beneficiary of the deed of trust, Nationstar Mortgage, LLC (Nationstar). He alleged that the defendants violated the Washington's "Deed of Trust Act" (DTA), chapter 61.24 RCW, and the Consumer Protection Act (CPA), chapter 19.86 RCW. Singh appeals the trial court's decision granting the defendants' motion to dismiss for failure to state a claim upon which relief can be granted. We affirm.

## FACTS

In 2007, Singh purchased a home and property at 4925 S. 181st Place, in Sea-Tac. In 2010, Singh borrowed $266,300.00 from Bank of America, N.A., and secured the note with a deed of trust encumbering the property. Bank of America assigned its beneficial interest to Nationstar. After Singh defaulted on the note, on January 7, 2016, Quality recorded a notice of trustee's sale in King County. A sale date was set for May 6, 2016, and Nationstar was identified as the beneficiary of the deed of trust.

Singh filed a voluntary petition for bankruptcy under Chapter 13 of the U.S. Bankruptcy code on May 5, 2016—the day before the property was scheduled to be sold. The next day, Quality continued the trustee's sale to June 3, 2016. On May 25, 2016, Singh's bankruptcy petition was dismissed. On June 2, Quality continued the trustee's sale a second time to July 1, 2016. The sale went forward on July 1, 2016, and Fannie Mae was the successful bidder.

After the trustee's sale, Singh sued Fannie Mae, Quality, and Nationstar. He alleged that the defendants violated the DTA and the CPA. Fannie Mae and Nationstar moved to dismiss Singh's complaint under CR 12(b)(6) and submitted additional documents in support of their motion. Quality also moved to dismiss Singh's complaint and submitted additional documents in support of its motion.

The court denied Singh's motion for summary judgment and granted the defendants' motions to dismiss. Singh appeals.

## ANALYSIS

Fannie Mae, Nationstar, and Quality filed their motion to dismiss under CR 12(b)(6). A CR 12(b) motion challenges the legal sufficiency of the allegations in the

complaint. <u>Contreras v. Crown Zellerback Corp.</u>, 88 Wn.2d 735, 742, 565 P.2d 1173 (1977). A court should grant a CR 12(b)(6) motion to dismiss for failure to state a claim only if the plaintiff cannot prove any set of facts that would justify recovery. <u>Bavand v. OneWest Bank, F.S.B.</u>, 176 Wn. App. 475, 485, 309 P.3d 636 (2013). We review a ruling on a motion to dismiss de novo. <u>McAfee v. Select Portfolio Servicing, Inc.</u>, 193 Wn. App. 220, 226, 370 P.3d 25 (2016).

When a party submits documents that were not contained in the original complaint for consideration by the court in assessing a CR 12(b)(6) motion, those submissions generally convert the motion to dismiss into a motion for summary judgment under CR 56. <u>McAfee</u>, 193 Wn. App. at 226. Because the defendants submitted documents in support of their motions to dismiss, the submissions converted the motions to dismiss to motions for summary judgment.

"We review summary judgment orders de novo, considering the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party." <u>Keck v. Collins</u>, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); <u>Young v. Key Pharmaceuticals Inc.</u>, 112 Wn.2d 216, 225, 770 P.2d 182 (1989).

### Deed of Trust Act

Singh first argues that the trustee's sale was void as a matter of law because it violated the requirement in the DTA requiring new sales to be scheduled no less than 45 days after the order dismissing Singh's bankruptcy petition was issued. We disagree.

No. 76227-3-I/4

Singh is correct that RCW 61.24.130(4) provides that, where a sale has been stayed by a bankruptcy petition, upon dismissal of the petition, if the trustee chooses to set a new sale date, the new sale must be at least 45 days after the bankruptcy dismissal:

> If a trustee's sale has been stayed as a result of the filing of a petition in federal bankruptcy court and an order is entered in federal bankruptcy court granting relief from the stay or closing or dismissing the case, or discharging the debtor with the effect of removing the stay, <u>the trustee may set a new sale date which shall not be less than forty-five days after the date of the bankruptcy court's order</u>.

RCW 61.24.130(4) (emphasis added).

But, RCW 61.24.130(4) does not apply where a previously noticed sale has been properly continued. RCW 61.24.130(5) provides that RCW 61.24.130(3) is "permissive only and do[es] not prohibit the trustee from proceeding with a trustee's sale following termination of any injunction or sale on any date to which such sale has been properly continued in accordance with RCW 61.24.040(6)." Under RCW 61.24.040(6), a trustee is allowed to continue a previously noticed sale for a period not exceeding 120 days. Because Quality initially recorded a notice of sale set for May 6, 2016, and then continued that sale to June 3, 2016, and then July 1, 2016, the sale date complied with RCW 61.24.040(6) and thus the 45-day period for setting a new sale in RCW 61.24.130(4) was not applicable. Although the sale occurred 37 days after Singh's bankruptcy petition was dismissed, it did not violate RCW 61.24.130(4).

*Continuance*

Singh also argues that Quality's sale continuance violated the automatic stay. We disagree.

-4-

When a bankruptcy petitioner files a petition for bankruptcy, the petitioner's property becomes the property of the bankruptcy estate. 11 U.S.C. § 541(a). An automatic stay is imposed on proceedings to obtain possession of the property of the estate. 11 U.S.C. § 362(a).

In In the Matter of Roach, 660 F.2d 1316, 1318 (9th Cir. 1981), the Ninth Circuit held that the automatic stay provisions in 11 U.S.C. § 362 were not violated by a bank's continuation of the foreclosure sale to a new sale date. In Roach, the borrower filed for bankruptcy on the day that his property was to be sold at a trustee's sale. 660 F.2d at 1317. During the bankruptcy stay, the bank published a notice postponing the sale. Roach, 660 F.2d at 1317. The Roach court reasoned that because the bank maintained the status quo and did not harass, interfere with, or gain any advantage over Roach by postponing the sale, the postponement notice did not violate the automatic stay. Roach, 660 F.2d at 1318-19.

Here, Quality did not violate the automatic stay by mailing Singh a notice of postponement and postponing the trustee's sale to June 3, 2016. Continuing the sale did not violate the stay because "[p]ostponement notices which specify a new sale date do not violate 11 U.S.C. § 362." Roach, 660 F.2d at 1318.

*Consumer Protection Act*

Singh argues that the court erred by dismissing his CPA claim. Singh maintains that he can establish a CPA claim because the defendants committed a per se violation of the DTA.

To prevail on a CPA claim, the plaintiff must prove an "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to

plaintiff in his or her business or property; (5) causation." <u>Klem v. Washington Mut. Bank</u>, 176 Wn.2d 771, 782, 295 P.3d 1179 (2013). A CPA claim may be predicated upon a per se violation of statute. <u>Klem</u>, 176 Wn.2d at 787.

Here, Singh fails to establish a CPA claim because he cannot show that these defendants violated the DTA.

Affirmed.

_Mann_, A.C.J.

WE CONCUR:

_Trickey, J_        _Schindler, J_

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2018 APR 23 AM 8: 59