**Affirmed and Memorandum Opinion filed March 5, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00372-CV

**RICHARD D. DAVIS, LLP., A TEXAS GENERAL PARTNERSHIP, RICHARD D. DAVIS, LLP, A NEVADA LIMITED LIABILITY PARTNERSHIP AND PATRICIA SUAREZ, Appellants**

**V.**

**SKY LAKES FLYERS FOUNDATION AND CARBETT J. DUHON, III, Appellees**

**On Appeal from the 506th Judicial District Court**
**Waller County, Texas**
**Trial Court Cause No. 07-08-18999**

## M E M O R A N D U M   O P I N I O N

This appeal arises from a summary judgment entered April 7, 2017, and is one of three before this court involving the same parties.[1] For the reasons stated below,

---

[1] Before this court is also Appeal No. 14-17-00257-CV, arising from a no-evidence summary judgment entered January 4, 2017 in the trial court, Cause No. 08-12-19600-A, and Appeal No. 14-17-00278-CV, arising from a judgment entered January 10, 2017 after a jury verdict

we affirm in part and reverse and remand in part.

## BACKGROUND

In 1993, Richard D. Davis, L.L.P., a Texas General Partnership, ("Davis Texas") purchased a 55-acre tract from Sky Lakes, Inc., that was secured by a deed of trust. In 2006, the promissory note was assigned to the Sky Lakes Flyers Foundation ("SLFF").[2] Shortly thereafter, SLFF sent notices of default based on various allegations, including failure to provide proof of insurance and payment of taxes, and the condition of the property. In August 2007, Davis Texas brought this suit (the "2007 suit") against SLFF and Carbett J. Duhon, III, seeking a temporary restraining order, temporary injunction and permanent injunction and asserting a claim for breach of contract.

In September 2007, SLFF refused Davis Texas' check for the August 2007 payment on the grounds the note had been accelerated. Davis Texas obtained injunctive relief to prevent foreclosure and in September 2007 refinanced at an interest rate of fourteen and a half percent (14.5%) rather than the original rate of five percent (5%) and transferred its interest in the property to Richard D. Davis, L.L.P., a Nevada Limited Liability Partnership, ("Davis Nevada").

On September 19, 2007, SLFF counterclaimed and named Richard D. Davis and Patricia K. Suarez as third-party defendants. SLFF asserted breach of contract and sought a non-judicial foreclosure on the property.

Subsequently, suit was brought in 2008 (the "2008 suit") by Andy Knott, Bill Green, Dempsey Gearen, Jim Phillips, Phil Birkelbach, Paul Kates, Danny

---

in the trial court, Cause No. 08-12-19600.

[2] This assignment was part of a settlement from a lawsuit brought against Waller Country Club Estates and George Robinson complaining they had violated a right of first refusal to purchase the property.

Langhorne, Hans van der Voort, Gene Morton and Stanley Hoffpauir (collectively "the Green Parties"), against Davis Texas, Davis Nevada, and Patricia K. Suarez (collectively "the Davis Parties"), and Jump Out Express, L.L.C.[3] On March 3, 2009, the Davis Parties moved to consolidate the 2007 suit and the 2008 suit. The Davis Parties filed a counterclaim and third-party action on March 3, 2009, seeking damages from the Green Parties, in their individual capacities, for their alleged orchestration of the "wrongful" acceleration of the note and the ensuing "illegal" efforts to foreclose. On March 6, 2009, the Davis Parties amended their petition in the 2007 suit.

By order signed February 4, 2010, the Davis Parties' counterclaims against the Green Parties in the 2008 suit were severed ("the 2010 suit"). On April 8, 2010, the Davis Parties moved to consolidate the 2007 suit, the 2008, and the 2010 suit. On May 14, 2010, the trial court signed an order denying the motion to consolidate. On July 15, 2016, The Davis Parties filed another motion to consolidate all three suits. It was denied by written order on July 22, 2016. The Davis Parties again moved to consolidate on September 4, 2016.

On December 2, 2016, the Green Parties moved for no-evidence summary judgment in the 2010 suit. On December 5, 2016, the trial court again denied the Davis Parties' motion to consolidate by written order.

Davis Texas, along with Davis Nevada, filed a second amended petition in the 2007 suit on December 19, 2016. A third amended petition was filed January 2, 2017. It sought (1) a temporary injunction and permanent injunction and brought claims for (2) breach of contract; (3) fraud; (4) tortious interference with contracts

---

[3] The Plaintiffs' claims against Jump Out Express eventually were settled, and on February 18, 2010, the trial court signed an agreed order severing those claims into Trial Court Cause No. 08-12-019600-B.

and business relations and business disparagement; (5) trespass; (6) violation of automatic stay; (7) conspiracy; (8) economic duress and business coercion; and (9) violation of the Texas Debt Collection Practices Act.

On January 4, 2017, the trial court granted summary judgment in favor of the Green Parties in the 2010 suit. The claims that remained in the 2008 suit were tried to a jury and judgment was entered upon that verdict on January 10, 2017.

On March 8, 2017, SLFF moved for summary judgment in the 2007 suit. A response was filed and on April 17, 2017, the trial court granted SLFF's motion in its' entirety and dismissed the Davis Parties' claims with prejudice. From that judgment, the Davis Parties bring this appeal.

## SUMMARY JUDGMENT

In their first issue, the Davis Parties argue the trial court erred when it granted SLFF's hybrid no-evidence and traditional motion for summary judgment. SLFF moved for a no-evidence summary judgment on the Davis Parties' causes of action for breach of contract; fraud; tortious interference with contracts and business relations; business disparagement; violation of automatic stay; conspiracy; wrongful acceleration; and violation of the Texas Debt Collection Act ("TDCA"). SLFF moved for a traditional summary judgment on the Davis Parties' claim for breach of the note and deed of trust by accelerating the note. SLFF contended economic coercion and duress is not a cause of action but an affirmative defense. Further, SLFF asserted the Davis Parties' claims for injunctive relief were moot and the trespass claim was tried in the 2008 suit.

The Davis Parties concede that their causes of action for injunctive relief and trespass were tried in the 2008 suit. Further, the Davis Parties waive any complaint of the trial court's ruling as to their claims for tortious interference with contracts,

4

tortious interference with business relations, and business disparagement. Accordingly, the trial court's judgment is affirmed as to those claims. After setting forth the appropriate standard of review, we address each of the remaining claims in turn.

*Standard of Review*

"When a party moves for both traditional and no-evidence summary judgments, we first consider the no-evidence motion." *First United Pentecostal Church of Beaumont, d/b/a the Anchor of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)). "If the non-movant fails to meet its burden under the no-evidence motion, there is no need to address the challenge to the traditional motion as it necessarily fails." *Id.* (citing *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)). "Thus, we first review each claim under the no-evidence standard." *Id*. Any claims that survive the no-evidence review will then be reviewed under the traditional standard. *Id*. at 219–220.

"To defeat a no-evidence motion, the non-movant must produce evidence raising a genuine issue of material fact as to the challenged elements." *Parker*, 514 S.W.3d at 220 (citing *Ridgway*, 135 S.W.3d at 600). A party moving for traditional summary judgment meets its burden by proving that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). "A genuine issue of material fact exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Parker*, 514 S.W.3d at 220 (internal quotations omitted). The evidence does not create an issue of material fact if it is "so weak as to do no more than create a mere surmise or suspicion" that the fact exists. *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014) (quoting *Ridgway*, 135 S.W.3d at 601).

5

*Breach of Contract*

The Davis Parties pled a cause of action for breach of contract claiming SLFF breached the deed of trust and the promissory note. A breach of contract claim requires: (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages sustained by the plaintiff because of the breach. *See Mays v. Pierce*, 203 S.W.3d 564, 575 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

Considering SLFF's motion in its entirety, the trial court could have granted summary judgment against the Davis Parties on the following grounds:

- Davis Nevada lacked standing to maintain a breach of contract action because only Davis Texas had a contract with SLFF;
- There was no evidence of two elements of a breach of contract claim, specifically breach and damages; or
- SLFF established as a matter of law that the Davis Parties failed to comply with the deed of trust, entitling SLFF to accelerate the note.

We first address standing. In their response, the Davis Parties asserted Davis Nevada had standing. However, in their opening brief on appeal, the Davis Parties fail to argue that the trial court could not have granted summary judgment based on standing.[4] When a movant asserts multiple grounds for summary judgment and the trial court does not specify in the order the ground on which summary judgment was granted, an appellant must negate all grounds on appeal. *Heritage Gulf Coast Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 653 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995)). If an appellant does not challenge all grounds on which the judgment

---

[4] In their brief, SLFF argues we should affirm the trial court's judgment as to the breach of contract claim on the basis that Davis Nevada lacked standing. In their reply brief, the Davis Parties do not counter that argument.

may have been granted, we must uphold the summary judgment. *Id.* Accordingly, we affirm the trial court's judgment insofar as it grants SLFF's motion for summary judgment on the breach of contract claim as to Davis Nevada.

Next, we address whether the trial court could have granted a no-evidence summary judgment on the element of damages. In their response to the motion's claim that there was no evidence of damages, the Davis Parties asserted that Davis Texas was forced to pay off its' original note at 5% interest and refinance at 14.25% interest because SLFF wrongfully accelerated the note. As evidence of damages, the Davis Parties referred to Suarez's declaration, with exhibits. On appeal, the Davis Parties again refer this court to Suarez's declaration. According to Suarez, the Davis Parties refinanced the note at the higher interest rate solely because SLFF wrongfully accelerated the note. Suarez alleged damages from having to refinance in the amounts of $66,000 for total lost equity, and $136,000 in additional interest to be paid. We therefore conclude the Davis Parties presented to the trial court more than a scintilla of evidence regarding the element of damages. *See Cura-Cruz v. CenterPoint Energy Houston Elec., LLC*, 522 S.W.3d 565, 575 (Tex. App.— Houston [14th Dist.] 2017, pet. denied).[5] Accordingly, we determine the trial court could not have properly granted summary judgment on that basis.

Finally, we determine whether the trial court could have granted summary judgment on the element of breach. The basis of the Davis Parties' claim of breach is that SLFF wrongfully accelerated the note.[6] In their motion, SLFF contended there

---

[5] In their brief, SLFF does not assert the Davis Parties failed to meet their burden to raise a genuine issue of material fact as to the element of damages.

[6] Because the Davis Parties did not plead wrongful acceleration as a separate cause of action, we do not address it as such. It will be addressed regarding the question of whether the trial court erred in granting summary judgment on the claim for breach of contract.

is no evidence of breach. SLFF then moved for a traditional summary judgment because the Davis Parties' failure to comply with the Deed of Trust gave SLFF the right to accelerate the note. In response, the Davis Parties claimed there was evidence the acceleration was wrongful and thereby a breach of contract.

The Note in question provides:

"[I]n case of failure to comply with any of the agreements or conditions of the Deed of Trust or other security given to secure this Note, then, at the election of the legal holder hereof, the unpaid balance of the principal sum expressed in this Note, with all accrued interest, may by said holder be declared immediately due, without notice, and may be collected forthwith by sale under said Deed of Trust or otherwise, as such holder may elect.

According to SLFF's motion, the Davis Parties failed to comply with the following conditions of the Deed of Trust:

2. Pay all taxes and assessments on the property when due and provide Beneficiary, by January 15 of each year, proof of payment of all such taxes and assessments;

. . .

4. maintain, in a form acceptable to Beneficiary, an insurance policy that:

   a. covers club house for its full insurable value as determined when the policy is issued and renewed, unless Beneficiary approves a smaller amount in writing;

   b. provides fire and extended coverage, including windstorm coverage;

   c. protects Beneficiary with a standard mortgage clause;

5. deliver the Insurance policy to Beneficiary and deliver renewals to Beneficiary at least ten days before expiration . . ..

We first determine if SLFF met its burden for traditional summary judgment by proving there is no genuine issue of material fact as to whether SLFF had a right to

accelerate the note based on failure to insure the property and was therefore entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Parker*, 514 S.W.3d at 220. Attached to SLFF's motion is the affidavit of Paul Kates, the promissory note, and a copy of an insurance policy issued on July 30, 2007, for the period from July 6, 2007, to July 7, 2008. Kates' affidavit avers, "[t]he property was uninsured. . . [A]n insurance policy wasn't even issued until July 30, 2007. . . "[T]he property had been uninsured for an unknown period of time."

In their response, the Davis Parties alleged Kates "falsely stated in his affidavit that insurance was not procured on the airport property before July 30, 2007." This is a mischaracterization. Kates stated the policy did not *issue* until July 30, 2007, and the policy provides "ISSUE DATE: 07-30-07." The Davis Parties did not refer to any evidence that the property was insured before July 6, 2007. In fact, the record reflects Richard Davis admitted the property had been uninsured since sometime in 1997.

In their response to the motion for summary judgment, the Davis Parties also stated:

> The certificate of insurance was procured by July 6, 2007 and reflected coverage from July 6, 2007 to July 6, 2008. As RD Davis explained in his Fax Letter to Duhon[,] Sky Lakes predecessor Waller Country Club Estates had not enforced the insurance clause of the Deed of Trust and Davis Texas needed a reasonable time to procure insurance. Davis Texas procured insurance in a reasonable time from May 11, 2007 and nineteen days was an unreasonable time within which to cure all the alleged defaults.[7]

There are no references to any evidence supporting these claims.

---

[7] The record reflects notice of default was given on May 11, 2007 and provided a period in which to cure, until June 1, 2007.

In response to either a no-evidence or traditional motion for summary judgment the non-movant "must specifically identify the supporting proof on file that it seeks to have considered by the trial court." *See Bich Ngoc Nguyen v. Allstate Ins. Co.*, 404 S.W.3d 770, 776–77 (Tex. App.—Dallas 2013, pet. denied) (quoting *Arredondo v. Rodriguez*, 198 S.W.3d 236, 238 (Tex. App.—San Antonio 2006, no pet.)). Neither the trial court nor this court is required to search for summary judgment evidence raising a genuine issue of material fact without more specific guidance from the non-movant. *See Rogers v. Ricane Enters., In*c., 772 S.W.2d 76, 81 (Tex. 1989); *see also Brookshire Katy Drainage Dist. v. Lily Gardens, LL*C, 333 S.W.3d 301, 308 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (op. on reh'g); *Aguilar v. Morales*, 162 S.W.3d 825, 838 (Tex. App.—El Paso 2005, pet. denied); *Shelton v. Sargent*, 144 S.W.3d 113, 120 (Tex. App.—Fort Worth 2004, pet. denied).

SLFF produced uncontested summary-judgment evidence that the property was uninsured, in violation of the terms of the note, for approximately ten years. The express terms of the deed allowed SLFF to accelerate the note, without notice, on that basis. In response, the Davis Parties failed to identify any evidence raising a genuine issue of material fact that SLFF did not have the right to accelerate the note.[8] Accordingly, the trial court did not err in granting summary judgment in favor of SLFF on the Davis Parties' cause of action for breach of contract on that basis.[9]

---

[8] We do not address the additional arguments against granting summary judgment on this cause of action that are included in the Davis Parties' brief. The law is well-settled that we may not affirm or reverse a summary judgment on a ground not presented to the trial court. *Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993); *Travis v. City of Mesquite*, 830 S.W.2d 94, 99–100 (Tex. 1992); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979).

[9] It is therefore unnecessary to address SLFF's other reason(s) for accelerating the note.

*Fraud*

The Davis Parties pled a cause of action for fraud alleging SLFF's claims for attorney's fees, maintenance fees, trustee's fees, and costs were fraudulent. To prevail on a fraud claim, a plaintiff must show: (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result. *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018). In their motion for summary judgment, SLFF asserted the Davis Parties had no evidence of any of these elements. In their response, the Davis Parties' single reference was "See Dec. JAI; Dec KS."

The declarations of Izen and Suarez, with exhibits, are 174 pages. Blanket citation to such records is not a proper response to a no-evidence motion for summary judgment. *See Eaton Metal Prods., L.L.C. v. U.S. Denro Steels, Inc.*, No. 14-09-00757-CV, 2010 WL 3795192, at *6 (Tex. App.—Houston [14th Dist.] Sept. 30, 2010, no pet.) (citing *Kashif Bros., Inc. v. Diamond Shamrock Ref. & Mktg. Co.*, No. 14-01-00202-CV, 2002 WL 1954852, at *3-5 (Tex. App.—Houston [14th Dist.] August 22, 2002, pet. denied); *Guthrie v. Suiter*, 934 S.W.2d 820, 825-26 (Tex. App.–Houston [1st Dist.] 1996, no writ)). The single reference does not direct the trial court and the parties to the evidence on which the Davis Parties rely. *See Kastner v. Gutter Mgmt. Inc.*, 14-09-00055-CV, 2010 WL 4457461, at *8 (Tex. App.—Houston [14th Dist.] Nov. 4, 2010, pet. denied) (holding non-specific references within the voluminous summary-judgment record were insufficient). The general citation was insufficient to apprise the trial court of the evidence on which the Davis Parties relied to support each element of their fraud claim. *See Leffler v.*

11

*JP Morgan Chase Bank, N.A.*, 290 S.W.3d 384, 387 (Tex. App.—El Paso 2009, no pet.); *see also Judson 88 Partners v. Plunkett & Gibson, Inc*., No. 14-99-00287-CV, 2000 WL 977402, at \*3 (Tex. App.—Houston [14th Dist.] May 18, 2000, no pet.) (not designated for publication). Consequently, the trial court did not err in granting summary judgment on the fraud claim.

*Violation of Automatic Stay*

The Davis Parties' alleged a cause of action for violating the automatic stay imposed by section 362 of the Bankruptcy Code. *See* 11 U.S.C. § 362; Tex. Prop. Code § 51.007. The Davis Parties claimed SLFF violated the prohibition against taking any action against a debtor's property for ten days after final judgment dismissing a Chapter 11 proceeding. *See* 11 U.S.C. § 362.

In their motion for summary judgment, SLFF asserted there was no evidence that any defendant took any prohibited action against the property. In their response to the motion, the Davis Parties asserted SLFF posted illegal notices of a trustee's sale while the automatic stay was in effect.

SLFF first noticed a trustee's sale on May 11, 2007. The date of the sale was set for June 5, 2007. The day before, on June 4, 2007, Davis Texas filed for Chapter 11 bankruptcy. Thereafter, on June 12, 2007, July 13, 2007, and August 14, 2007, SLFF again noticed the sale. The bankruptcy case was dismissed on August 20, 2007.

Under section 362(c)(2) of the Bankruptcy Code, the automatic stay terminates upon the earlier of the time the case is closed, the time the case is dismissed, or the time a discharge is granted or denied. *See* 11 U.S.C. § 362(c)(2). Accordingly, the stay was in effect until August 20, 2007.

On appeal, the Davis Parties refer this court to section 362 of the Bankruptcy code as well as evidence that SLFF noticed the sale three times between June 4, 2007 and August 20, 2007.[10] SLFF does not contest this evidence but contends that rescheduling the trustee's sale while the bankruptcy proceeding was pending is not "an act against property of the estate" in violation of the automatic stay. *See* 11 U.S.C. § 362(c)(1).

As recognized by the court in *In re Roach*, 660 F.2d 1316, 1319 (9th Cir. 1981), "the automatic stay does not necessarily prevent all activity outside the bankruptcy forum." The purpose of the automatic stay is "to stop all collection efforts, harassment and foreclosure actions." *Id.* at 1318. Notices which specify a new date of sale merely maintain the status quo and are thereby consistent with the purpose of section 362(c)(2). *Id.* at 1319. Accordingly, the Davis Parties' evidence of the postponement notices failed to raise a genuine issue of material fact that SLFF took an act against the property in violation of the automatic stay. *Id.*; *see also In re Peters*, 101 F.3d 618, 620 (9th Cir. 1996); *In re Anderson*, 195 B.R. 87, 90 (9th Cir. B.A.P. 1996); *In re De Jesus Saez*, 721 F.2d 848, 853 (1st Cir. 1983). We therefore conclude the trial court did not err in granting summary judgment on that cause of action.

*Violation of the Texas Debt Collection Act*

The Davis Parties alleged that SLFF violated the TDCA. SLFF moved for summary judgment claiming the TDCA only covers "consumer debt" and the Davis

---

[10] In their reply brief, the Davis Parties complain SLFF "does not even address SLFF's efforts to accelerate the payment of the promissory note while Davis Texas was in Chapter 11 bankruptcy." We do not address this complaint because the Rules of Appellate Procedure do not allow an appellant to include in a reply brief a new issue not raised by its original brief. *See* Tex. R. App. P. 38.3.

13

Parties have no evidence the debt in question was a consumer debt.[11] In their response, the Davis Parties asserted the Davis Texas partners are individuals who may be consumers and the purchase of an airport can be a consumer transaction.

On appeal, the Davis Parties do not cite any authority in support of the claim they made in their response to the motion for summary judgment. It is not our duty to review the record, research the law, and then fashion a legal argument when a party has failed to do so. *Canton–Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931–32 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Briefing waiver occurs when a party fails to make proper citations to authority or to the record, or to provide any substantive legal analysis. *See* Tex. R. App. P. 38.1(i); *Canton–Carter*, 271 S.W.3d at 931; *Sterling v. Alexander*, 99 S.W.3d 793, 798–99 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Even though the courts are to interpret briefing requirements reasonably and liberally, parties asserting error on appeal still must put forth some specific argument and analysis citing the record and authorities in support of their argument. *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Accordingly, the issue is waived due to inadequate briefing.[12]

*Economic Coercion and Duress*

In their no-evidence motion for summary judgment, SLFF asserted that economic coercion and duress "is not a cause of action. It is an affirmative defense.

---

[11] Consumer debt is defined as "an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction." Tex. Fin. Code § 392.001(2).

[12] We do not address the additional arguments against granting summary judgment on this cause of action that are included in the Davis Parties' brief. The law is well-settled that we may not affirm or reverse a summary judgment on a ground not presented to the trial court. *Stiles*, 867 S.W.2d at 26 (Tex. 1993); *Travis*, 830 S.W.2d at 99–100; *Clear Creek Basin Auth.*, 589 S.W.2d at 677.

14

See TRCP 94." As recognized by this court in *Duradril, L.L.C. v. Dynomax Drilling Tools, Inc.,* 516 S.W.3d 147, 169 (Tex. App.—Houston [14th Dist.] 2017, no pet.), the elements of economic duress or business coercion are:

> (1) the defendant threatened to do some act that it had no legal right to do; (2) the threat was of such a character as to destroy the plaintiff's free agency; (3) the threat overcame the plaintiff's free will and caused it to do what it otherwise would not have done and that it was not legally bound to do; (4) the restraint was imminent; and (5) the plaintiff had no means of protection. *See In re Frank Motor Co.*, 361 S.W.3d 628, 632 (Tex. 2012) (citing *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 837 (Tex. App.–Houston [1st Dist.] 1999, no pet.)).

SLFF's motion did not state any of these elements or claim that the Davis Parties had no evidence as to any of them. A no-evidence motion for summary judgment "must state the elements as to which there is no evidence." Tex. R. Civ. P. 166a(i). Further, a no-evidence motion "must be specific in challenging the evidentiary support for an element of a claim" and "conclusory motions or general no-evidence challenges to an opponent's case" are insufficient. Tex. R. Civ. P. 166a(i) cmt. *See Wyly v. Integrity Ins. Sols.*, 502 S.W.3d 901, 907 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Generally, because SLFF's motion did not assert there was no evidence of any of the elements of the Davis Parties' causes of action for economic duress or coercion, they were not entitled to summary judgment on those claims. *See Wilson v. Davis,* 305 S.W.3d 57, 73 (Tex. App.—Houston [1st Dist.] 2009, no pet.). SLFF argues that even if economic duress or coercion are affirmative claims for relief, the trial court's summary judgment was proper because the claims are derivative of the wrongful acceleration claim.

There is a very limited exception to the general rule that summary judgments may only be granted upon grounds expressly asserted in the summary judgment

15

motion. Tex. R. Civ. P. 166a(c); *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011). This exception has been applied when the omitted ground was intertwined with, and precluded by, a ground addressed in the motion. *G & H Towing Co.,* 347 S.W.3d at 297. The exception arises when the defendant has conclusively disproved an ultimate fact or element which is common to all causes of action alleged, or the unaddressed causes of action are derivative of the addressed cause of action. *Id*

As noted above, the first element of a claim for economic duress or business coercion is that the defendant threatened to do some act that it had no legal right to do. *See Duradril,* 516 S.W.3d at 169. The "act" alleged by the Davis Parties in this case was the wrongful acceleration of the note.

We have already determined the trial court did not err in granting summary judgment on the breach of contract claim because SLFF established as a matter of law that the Davis Parties failed to comply with the deed of trust, entitling SLFF to accelerate the note. Because SLFF has conclusively disproved an element common to both causes of action alleged, *i.e.*, the wrongful acceleration of the note, any error in granting summary judgment on the claim for economic coercion and duress is harmless. *See G & H Towing Co.*, 347 S.W.3d at 297. Accordingly, the Davis Parties' first issue is overruled as to their cause of action for economic coercion and duress.

*Conspiracy*

Civil conspiracy, generally defined as a combination of two or more persons to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means, is a "derivative" tort, meaning a defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least

16

one of the named defendants liable. *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). As a result, we do not analyze the trial court's judgment regarding the Davis Parties' cause of action for conspiracy separately from its' judgment as to the other causes of action. *See id.* If the trial court did not abuse its discretion in granting summary judgment on all of the claims which are alleged to have arisen from the conspiracy, then, *a priori,* it did not abuse its discretion in granting summary judgment on the claim of conspiracy. *Id.*

As relevant to this case, the Davis Parties' counterclaim for conspiracy was based upon the underlying torts discussed above.[13] Because the trial court did not err in granting summary judgment on any of those claims, we conclude the trial court did not abuse its discretion in granting summary judgment on the Davis Parties' claim of conspiracy. We therefore overrule the Davis Parties' first issue as to that claim.

### MOTION TO DISMISS

The second issue raised by the Davis Parties is that the trial court erred when it granted, without prejudice, Duhon's motion to dismiss their cause of action for violation of the automatic stay imposed by section 362 of the Bankruptcy Code. *See* 11 U.S.C. § 362. The record reflects that on May 23, 2010, the trial court dismissed Duhon from the suit pursuant to section 51.007 of the Texas Property Code. *See* Tex. Prop. Code § 51.007.[14] The Davis Parties concede that Duhon was acting in his capacity as trustee. Their argument is that Duhon was not entitled to dismissal under

---

[13] As relevant to this case, the Davis Parties alleged there was a conspiracy to commit fraud, breach of contract, economic coercion and duress, and violation of the Texas Debt Collection Act.

[14] Section 51.007 provides, in pertinent part, "[t[he trustee named in a suit or proceeding may plead in the answer that the trustee is not a necessary party by a verified denial stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument." Tex. Prop. Code § 51.007(a).

the doctrine of preemption. The Davis Parties contend "[t]he defenses provided by the Texas Legislature under § 51.007 are preempted by the clear wording and intent of 11 U.S.C.'s § 362 which provides for the imposition of actual and punitive damages against violators."

We have already concluded the trial court did not err in granting SLFF's no-evidence summary judgment on the Davis Parties' claim for violation of the automatic stay. Accordingly, any determination on whether the preemption doctrine prohibits Duhon's dismissal from the suit would be advisory. We therefore overrule issue two.

## MOTION TO CONSOLIDATE

In their third and final issue, the Davis Parties contend the trial court erred by denying their motion to consolidate and join necessary parties. As noted above, multiple motions to consolidate were filed and denied. On appeal, it is the failure to consolidate the 2010 suit with this suit that is alleged to constitute an abuse of discretion.

Although the Davis Parties discuss the purported error in their brief, they have failed to provide any substantive analysis as to how they were harmed by the trial court's alleged error. *See* Tex. R. App. P. 44.1(a); *Fuhrmann v. C & J Gray Invs. Partners, Ltd.*, No. 05-15-01387-CV, 2016 WL 7217252, at *6 (Tex. App.—Dallas Dec. 13, 2016, pet. denied) (mem. op.). Harm must be shown before we can reverse a judgment. *See* Tex. R. App. P. 44.1(a) (stating that no judgment may be reversed on appeal on the basis that the trial court erred unless the court of appeals concludes that the error complained of probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case).

18

Furthermore, the burden to show harm in a civil appeal lies with the appellant and should he fail to address the topic, he has waived his complaint. *See Mullendore v. Muehlstein*, 441 S.W.3d 426, 429–30 (Tex. App.—El Paso 2014, pet. abated) (holding appellant waived the issue because he failed to brief how the error caused rendition of an improper verdict); *In re K.C.R.T.*, No. 02-10-00425-CV, 2011 WL 3426258, at *7 (Tex. App.—Fort Worth Aug. 4, 2011, no pet.) (mem. op.) (declining to address complaint that trial court abused its discretion by proceeding with a bench trial because appellant did not assert any argument, analysis, or reference that the abuse of discretion constituted reversible error); *In re Marriage of Scott*, 117 S.W.3d 580, 584 (Tex. App.—Amarillo 2003, no pet.) (stating that the burden lies with an appellant to establish that the purported error caused rendition of an improper judgment). The Davis Parties have failed to carry their burden on appeal to explain how and why the supposed error probably caused the rendition of an improper judgment or prevented them from properly presenting their case. Accordingly, the Davis Parties waived this issue due to inadequate briefing. *See* Tex. R. App. P. 38.1(i); *Fuhrmann*, 2016 WL 7217252, at *6. We resolve the Davis Parties' final issue against them.

## CONCLUSION

The judgment of the trial court is affirmed.


/s/    Margaret "Meg" Poissant
Justice


Panel consists of Justices Wise, Hassan and Poissant.

19